THE STATE *v.* JUSTICE.

CRIMINAL LAW.—*Circuit Court.—Criminal Causes Commenced by Affidavit and Information.*—Section 79 of the act abolishing courts of common pleas, etc., Acts 1873, p. 87, does not confer upon the circuit court the power to hear and determine a criminal cause commenced in that court by affidavit and information.

From the Randolph Circuit Court.

*J. C. Denny,* Attorney General, and *J. W. Ryan,* Prosecuting Attorney, for the State.

*J. N. Templer* and *R. S. Gregory,* for appellee.

DOWNEY, J.—This was a prosecution against the appellee, in the circuit court of Delaware county, for burglary, commenced by affidavit and information. It is alleged in the information, in addition to the allegations charging the crime in the usual form, that the defendant was then in the custody of the sheriff of Delaware county, Indiana, on a charge of the aforesaid felony, for which and of which he had not been prior thereto indicted by any grand jury of that county. The venue was changed to the circuit court of Randolph county. On motion of the defendant, the affidavit and information were quashed, and the State excepted. This ruling of the court is assigned as error.

By the act of March 5th, 1859, Acts 1859, p. 94, it was provided, that the common pleas should have original jurisdiction of felonies not punishable with death, concurrent with the circuit court, in certain cases. One of which cases was: " When a person is in custody on a charge of felony before indictment by the grand jury."

The act of March 6th, 1873, to divide the State into circuits, etc., abolishing the courts of common pleas, and transferring the business thereof to the circuit courts, etc., Acts 1873, p. 96, sec. 79, provides, that " such circuit courts, in addition to the jurisdiction heretofore exercised by them, shall also have the same jurisdiction that has heretofore been exercised by the court of common pleas, and all laws and parts of laws concerning said courts of common pleas, shall be

hereafter construed to mean and apply to said circuit courts, so far as the same may be applicable, and the offices of common pleas judge and district attorney are hereby abolished."

The position assumed by counsel for the State is, that under these statutes prosecutions for felony in the circuit court may, under the circumstances disclosed in this case, be by affidavit and information.

We are of the opinion that there was no error in quashing the affidavit and information. No doubt the main object of section 79, above set forth, was to confer upon the circuit court jurisdiction of those causes and matters of which the common pleas had jurisdiction, and of which the circuit court had no jurisdiction, such as the settlement of decedents' estates, guardianships, etc. The circuit court already had jurisdiction of felonies, and no act was necessary to transfer or confer the same. The section, in order to accomplish what is contended for by the State, must not only transfer to the circuit court the jurisdiction, but must also introduce in the circuit court the mode of proceeding in such cases, which prevailed in the common pleas, that is, by affidavit and information. This the statute does not attempt to do.

If a party in custody, before indictment, can be tried in the circuit court on an affidavit and information, it would be almost, if not entirely, at the pleasure of the prosecuting attorney, whether he would in any such case allow the matter to go before the grand jury or not.

We are of the opinion that the act of 1859, conferring a limited jurisdiction upon the common pleas in prosecutions for felony upon affidavit and information, cannot and does not confer upon the circuit court the power to try cases of felony in that way.

The judgment is affirmed.