Filed Oct. 28, 1890.

---

No. 15,509.

## ELLISON v. THE STATE.

COURTS.— *Common Pleas.* — *Abolition of.* — *Mode of Procedure.* — *When not Transferred to Circuit Court.*—The mode of procedure in the common pleas court was not transferred to the circuit court by the act abolishing the former where the circuit court had an established mode of its own.

SAME.—*Criminal Inquisition*—*Power of Circuit Court to Hold.*—*Contempt.*— At the request of the prosecuting attorney the clerk of the La Grange Circuit Court issued a subpœna for the appearance of the appellant before the judge of the circuit court, at a certain hour, to answer such questions as might be propounded to him by said prosecuting attorney touching his knowledge of any violation of the criminal laws of the State. He appeared in obedience to the command of the subpœna, and when questioned as to his knowledge of any embezzlement by the county treasurer, or any violation of duty by the county clerk, he refused to answer and was fined for contempt.

*Held*, that the power conferred upon common pleas courts by section 3, Acts 1852 (2 G. & H. 430), and under which the examination was con-

ducted, to proceed by inquisition in cases of violation of the criminal law, was not vested by the abolition of such courts in the circuit court, and that, therefore, the appellant was not in contempt.

From the La Grange Circuit Court.

J. Morris, A. Zollars and T. E. Ellison, for appellant.

L. T. Michener, Attorney General, J. T. Sullivan, Prosecuting Attorney, J. B. Wade and J. H. Gillett, for the State.

COFFEY, J.—On the 5th day of December, 1889, at the request of the prosecuting attorney of the 34th judicial circuit, the clerk of the La Grange Circuit Court issued a subpœna to the sheriff of La Grange county, commanding him to subpœna the appellant to appear before the judge of the La Grange Circuit Court, at 7 : 30 P. M. of said day, to answer to such questions as might be propounded to him by said prosecuting attorney touching his knowledge of any violations of the criminal laws of the State.

In obedience to the command of this subpœna the appellant appeared in open court, and thereupon the prosecuting attorney propounded to him the following question :

" Do you know whether Joseph G. Scott, the present county treasurer of La Grange county, has embezzled any of the public money out of the county treasury of said county within the last five years ? "

The appellant objected to the question, on the ground that when the proceeding was commenced there was no written statement filed with the court as to what the prosecutor expected to develop by this examination, nor containing the names of any persons who might be guilty of such crime; and on the further ground that neither said court nor the judge thereof had authority of law or jurisdiction to subpœna the appellant before it and force him to take an oath and answer the question put to him, or similar questions.

The court overruled his objection, and he excepted.

Said prosecutor then put to the appellant the following question :

" Do you know whether Jacob Newman, the county clerk of La Grange county, has at any time refused or neglected to perform any duty incumbent on him by law to be performed in any criminal case or proceeding in this court within the last two years ? "

The appellant objected to this question, upon the grounds above stated, but his objection was overruled by the court, and the appellant declining and refusing to answer either of said questions, the court assessed a fine against him for contempt of court, from which he appeals to this court.

The assignment of error calls in question the correctness of the ruling of the court in adjudging the appellant guilty of a contempt in refusing to answer the above questions.

Section 3, Acts of 1852 (2 G. & H. 430), is as follows : " Whenever any prosecuting or district attorney shall receive information of the commission of any felony, or such district attorney of the commission of any misdemeanor, he shall cause process to issue from a court having jurisdiction to issue the same (except the circuit court), to the proper officer, directing him to subpœna the persons therein named likely to be acquainted with the commission of such felony or misdemeanor, and shall examine any person so subpœnaed before such court touching such offence, and if the facts thus elicited are sufficient to establish a reasonable presumption of guilt against the party charged, said court shall cause so much of said testimony as amounts to a charge of felony or misdemeanor to be reduced to writing and subscribed and sworn to by such witness, whereupon such court shall cause process to issue for the apprehension of the accused, as in other cases."

The sole question presented for our consideration and decision involves the right of the circuit court to hold the inquisition provided for by this statute.  If it has, then the appellant was guilty of a contempt in refusing to answer the questions propounded to him ; but if the court had no power

to proceed under the terms of this statute, he was not bound to answer.

It will be observed that the statute, by its express terms, excludes the circuit court from its operation. That a justice of the peace has power to hold the inquisition therein provided for is not questioned. As he has power to hold preliminary examinations upon charges of felony, and hear and finally determine misdemeanors, he may doubtless proceed as to either class under the terms of this statute.

That the district attorney had the right to proceed in the common pleas court, in cases of misdemeanors, under this statute, is not questioned. It is claimed by the State, in this case, that the common pleas court had power to hold preliminary examinations in cases of felony, with power to commit to jail, or to take bail from the defendant to answer such charge of felony in the circuit court, and that, therefore, it had power to proceed under the terms of this statute in cases of felony.

It is further contended, that when the common pleas court was abolished the power to hold such inquisitions was, with the other jurisdiction possessed by that court, transferred to the circuit court.

On the other hand, it is contended by the appellant that the common pleas court never possessed the power to hold a preliminary examination in cases of felony, except in cases where the defendant was already in custody, and sought to be released on writ of *habeas corpus*. It is further contended by the appellant that, assuming that to the common pleas court was given the power to hold the inquisition provided for by the statute under consideration, such inquisition is merely a mode of procedure, and was not transferred to the circuit court.

Under the view of this case which we have taken, we do not deem it necessary to inquire whether the common pleas court had power to hold an inquisition in cases of felony, for if it did possess such power it does not follow that the

same was transferred to the circuit court. Such inquisition is not, correctly speaking, the exercise of jurisdiction. Jurisdiction is the authority by which judicial officers take cognizance of and decide cases; the power to hear and determine a cause. Criminal jurisdiction is that which exists for the punishment of crimes. "Jurisdiction is the authority to hear and decide a legal controversy. ' If the law confers the power to render a judgment or decree, then the court has jurisdiction; what shall be adjudged or decreed between the parties, and with which is the right of the case, is judicial action, by hearing and determining it.' " *Lantz* v. *Maffett*, 102 Ind. 23. *Rhode Island* v. *Massachusetts*, 12 Pet. 657; *Board, etc.*, v. *Markle*, 46 Ind. 96.

The inquisition provided for by this statute is simply a preliminary step by which the court may acquire jurisdiction. It was a mode of procedure by the common pleas court, conceding that it had power to proceed in cases of felony, by which it sought to charge and apprehend the offender. In the circuit court the mode of procedure has always been quite different. In that court the mode, in such cases, was to inquire by the grand jury into violations of the criminal laws of the State.

It is settled by adjudication that the mode of procedure in the common pleas court was not transferred to the circuit court by the act abolishing the former, where the circuit court had an established mode of its own. The case of *State* v. *Justice*, 46 Ind. 210, is a case in point. In that case it was held that the act of the General Assembly transferring the business and jurisdiction of the common pleas court to the circuit court did not transfer to the latter court the mode of proceeding by affidavit and information in a criminal case. So in this case, as the mode of inquiring as to violations of the criminal law of the State was by investigation before the grand jury, we are of the opinion that the mode prevailing in the common pleas by the inquisition provided for in the statute under consideration was not transferred to

the circuit court. It is plain that it was the intention of the General Assembly, at the time of the passage of this statute, that no such inquisition should be conducted in the circuit court, for that court is expressly excepted from its operation. It is reasonable to suppose that the reason for such exception was that that court had ample means, by the use of the grand jury, to inquire into and punish all criminal offences of which it had jurisdiction. We are of the opinion that the circuit court has no power to hold the inquisition provided for in this statute, and that the appellant was not in contempt in refusing to submit to an examination of the kind in question.

Filed May 27, 1890; petition for a rehearing overruled Oct. 28, 1890.