West v. State.

---

## West v. The State.

[No. 5,113.     Filed January 7, 1904.]

CRIMINAL LAW.—*Inquisition.*—*Information.*—*Intoxicating Liquor.*—An information based upon an affidavit made by a witness before a justice of the peace under a subpoena commanding the witness to appear before such justice of the peace and answer questions concerning violations of the criminal laws of the State, as provided by §7811 Burns 1901, charging the sale of intoxicating liquor without a license, and filed with the clerk of the circuit court, without the knowledge of the witness, is not bad against a plea in abatement challenging the jurisdiction of the court. *p. 164.*

CRIMINAL LAW.—*Inquisition.*—*Contempt.*—The refusal of a witness to appear before a justice of the peace in response to a subpoena issued under §7811 Burns 1901 and answer concerning violations of criminal laws does not amount to a contempt of court.  *p. 164.*

INTOXICATING LIQUORS.—*Sales Without License.*—*Evidence.*—Evidence in a prosecution for selling intoxicating liquor without a license that the prosecuting witness was in defendant's place of business "along in June and April" of the year 1903; that he asked for hop ale, was waited upon by defendant, got what he called for, and drank it, and that it was intoxicating, fixes the time with sufficient definiteness.  *p. 165.*

SAME.—*Evidence.*—Where in a prosecution for selling intoxicating liquors without a license the prosecuting witness testified to purchasing hop ale, testimony of a witness that he bought and drank hop ale at other places than at defendant's, and that it was intoxicating, was competent for the purpose of showing that hop ale was intoxicating liquor.  *p. 165.*

From Sullivan Circuit Court; *I. H. Kalley,* Special Judge.

Edward West was convicted of selling intoxicating liquors without a license, and appeals.  *Affirmed.*

*C. D. Hunt, J. W. Lindley, J. S. Bays, L. F. Bays* and *S. R. Hamill,* for appellant.

*C. W. Miller,* Attorney-General, *C. C. Hadley, W. C. Geake* and *L. G. Rothschild,* for State.

COMSTOCK, J.—Appellant was convicted in the court below of selling intoxicating liquor without a license.

The errors assigned are:  (1) The action of the court in sustaining the demurrer of the appellee to the plea in abatement of appellant; (2) in overruling appellant's motion to quash the affidavit and information; (3) in granting leave to the prosecuting attorney to sign his name to the information pending the consideration of the plea in abatement, and before pleading to the charge herein; (4) in overruling appellant's motion for a new trial.  We shall consider only the specification discussed by appellant's counsel.

The plea in abatement alleges that the prosecuting attorney caused a subpoena to issue for the prosecuting witness

West *v.* State.

William H. Patton from the court of David P. Cummins, commanding Patton to appear before said justice and answer questions concerning violations of the criminal laws of the State of Indiana as provided by §7811 Burns 1901; that such evidence was reduced to writing and sworn to by Patton, after which the prosecuting attorney took the affidavit to the office of the clerk of the circuit court, and planted an information on the same without the knowledge or consent of the witness William H. Patton. By this plea in abatement appellant challenges the jurisdiction of the Sullivan Circuit Court, because §7811, *supra,* does not authorize the steps that were taken by the prosecutor and his deputy in this case. *Ellison* v. *State,* 125 Ind. 492, is cited. In the opinion the court say at page 496: "The inquisition provided for by this statute is simply a preliminary step by which the court may acquire jurisdiction. It was a mode of procedure by the common pleas court, conceding that it had power to proceed in cases of felony, by which it sought to charge and apprehend the offender. In the circuit court the mode of procedure has always been quite different. In that court the mode, in such cases, was to inquire by the grand jury into violations of the criminal laws of the State." In that case, at the request of the prosecuting attorney, the clerk of the circuit court issued a subpœna for the appearance of the appellant before the judge of the circuit court at a certain hour to answer such questions as might be propounded to him by said prosecuting attorney touching his knowledge of any violation of the criminal laws of the State. He appeared in obedience to the command of this subpœna, and, when questioned as to his knowledge of certain violations of the law, he refused to answer, and was fined for contempt. The court held that the power conferred upon the common pleas court by §3 of the act of 1852 (Acts 1852, p. 385, §7811 Burns 1901, 2 G. & H. 430), and under which the examination was conducted, was not vested upon the abolition of such

court in the circuit court, and that therefore appellant was not in contempt.

In the case before us the witness appeared in obedience to the subpœna, and made the affidavit in question. Had he refused to appear, or, having appeared, refused to answer questions or make the affidavit, he would not have been in contempt of court under the foregoing decision. Subdivision five of §1748 Burns 1901 is pertinent to the question. "Whenever, either in term or vacation, any competent and reputable person has knowledge of the commission of any misdemeanor not within the exclusive jurisdiction of a justice of the peace, he may make an affidavit before any person authorized to administer oaths, setting forth the offense and the person charged in plain and concise language together with the names of the witnesses, and file the same with the clerk, who shall thereupon notify the prosecuting attorney thereof. The prosecuting attorney shall at once prepare and file an information, in term or vacation, in every case against the person charged in said affidavit." The record discloses that the prosecuting witness, having knowledge of the commission of a misdemeanor not within the exclusive jurisdiction of a justice of the peace, made the affidavit before a person authorized to administer oaths. The fact that the witness did not voluntarily appear before the justice would not destroy the validity of the affidavit upon which the information was founded; nor would an irregularity upon the part of the prosecuting attorney—one which did not prejudice the rights of the defendant—deprive the trial court of jurisdiction. It is manifest that §7811, *supra,* was intended only to assist the district prosecutor in his efforts to discover violations of the law, for no grand jury was provided for the common pleas court, but the common pleas prosecutor was not limited to affidavits procured in the way prescribed.

It is alleged that the prosecuting attorney took the affi-

West *v.* State.

davit to the office of the clerk of the circuit court, and founded an information upon it, without the knowledge or consent of the witness. The knowledge or consent of the prosecuting witness to these acts of the prosecuting attorney was not material. Defendant was deprived of no right by the acts of which he complains. It does not appear that the prosecuting witness made any objection to these proceedings. The statement in said plea that the affidavit was not filed with the clerk of the circuit court is contradicted by the record, which shows that the same was filed June 10, 1903.

In support of one of the reasons for a new trial it is claimed that the evidence is not sufficient to support the verdict, for the reason that it does not show when the sale of liquor charged took place. The prosecuting witness testified that he was in defendant's place of business along in June and April of this year—1903; that he went into the defendant's place of business and got a drink (asked for hop ale); was waited upon by appellant; got what he called for, and drank it; paid for it; and that it was intoxicating. This fixes the time with sufficient definiteness.

The court permitted one Virgil Stark, a witness for the State, to testify that he had bought and drank hop ale at other places than at defendant's; that it was intoxicating. He testified that he did not see prosecuting witness drink, and did not know what he drank. It is claimed that this was error. It was competent for the purpose of showing that hop ale was intoxicating liquor.

This opinion is not in conflict with the authorities cited by appellant's counsel in support of the propositions that the criminal procedure of the State is statutory, and that the method prescribed must be strictly followed. Under §1748, *supra,* an information must be based upon an affidavit by a reputable person before an officer authorized to administer oaths. That the prosecuting witness could

not have been punished for contempt, had he refused to make it, furnishes no ground for abating the action. In that event there would have been only a lack of jurisdiction to punish for contempt.

We find no error for which the judgment should be reversed. Judgment affirmed.

Wiley, P. J., concurs in the conclusion.