DONALD D. STILES *v.* STATE OF INDIANA.

[No. 1-1072A89. Filed July 9, 1973.]

*Lind, Deckard, O'Brien & Lawson,* of Danville, for appellant.

*Theodore L. Sendak,* Attorney General, *Darrel K. Diamond,* Deputy Attorney General, for appellee.

ROBERTSON, P.J.—Defendant-appellant (Stiles) brings this appeal on a conviction of rape from the Hendricks Circuit Court. He raises six specifications of error:

1) the verdict is against the weight of the evidence;
2) the verdict is contrary to law;
3) the trial court erred in overruling defendant's motion to be discharged and not tried for the reason that the affidavit upon which the prosecutor brought charges was invalid which thereby deprived the trial court of subject matter jurisdiction;
4) the trial court erred in refusing to submit to the jury the defendant's tendered final Instruction No. 3;
5) defendant was denied his constitutional right to a speedy trial when the trial court failed to sentence him within 30 days of the guilty verdict pursuant to Indiana Criminal Rule 11;
6) sentencing of the defendant was invalid because the jury did not fill in the blanks on the verdict form as to the true age of defendant.

The allegation concerning the age line being left blank on the verdict form is waived by Stiles for failure to present any argument on the point in his brief. Indiana Appellate Rule 8.3 (A) ; *Willsey* v. *Hartman* (1971), 149 Ind. App. 5, 269 N.E.2d 172.

As to the issue of the sufficiency of the evidence, the rule is that a conviction must be affirmed if there is evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Gann* v. *State* (1971), 256 Ind. 429, 269 N.E.2d 381; *Asher* v. *State* (1969), 253 Ind. 25, 244 N.E.2d 89. The court will not weigh the evidence nor resolve the question of credibility, but will look to the evidence most favorable to the state and the reasonable inferences therefrom which support the verdict of the jury. *Washington* v. *State* (1971), 257 Ind. 40, 271 N.E.2d 888; *Davis* v. *State* (1971), 257 Ind. 46, 271 N.E.2d 893.

The facts most favorable to the state show that while the prosecutrix was waiting for a bus on Washington Street in Indianapolis, Stiles stopped his car alongside the curb where she was standing. Initially Stiles pretended to need directions, but then he produced a gun and forced her into his car. Stiles took the victim to a house he rented in Hendricks County. The victim's delaying tactics and resistance were overcome by Stiles, and he proceeded to have forcible intercourse with her.

Based on this evidence we cannot conclude that the verdict was not sufficiently supported by evidence of probative value.

Stiles next contends that the trial court lacked subject matter jurisdiction because of the invalid manner in which charges were instituted against him. He relies on IC 33-14-1-3, Ind. Ann. Stat. § 49-2503 (Burns 1964), which states:

"Whenever any prosecuting attorney shall receive information of the commission of any felony or misdemeanor, he shall cause process to issue from a court having jurisdiction to issue the same (except the circuit court), to the proper officer, directing him to subpoena the person therein named likely to be acquainted with the commission of such felony or misdemeanor, and shall examine any person so subpoenaed before such court touching such offense; and if the facts thus elicited are sufficient to establish a reasonable presumption of guilt against the party charged, said court shall cause so much of said testimony as amounts to a charge of a felony or misdemeanor to be reduced to writing and subscribed and sworn to by such witness, whereupon such court shall cause process to issue for the apprehension of the accused, as in other cases."

This prescribes, according to Stiles, the vehicle of indictment as the mandatory procedure by which a criminal prosecution is to be brought in circuit court.

The state instituted charges against Stiles by filing an affidavit pursuant to the following statutes:

"All public offenses, except treason and murder, may be prosecuted in the *circuit* or criminal court, by affidavit filed

in term time, in all cases except when a prosecution by indictment or affidavit for the same offense is pending at the time of the filing of such affidavit. And such affidavit may be filed in vacation time as in term time and the judge may arraign and admit to bail as in term time, or may receive a plea of guilty and proceed forthwith as in term time. When criminal affidavits are filed by the prosecuting attorney in vacation, the clerk of the court shall forthwith issue a warrant or summons, according to the direction of the prosecuting attorney, and indorse thereon the amount of the recognizance bond in accordance with the bond schedule order made by the judge of said court at the last regular term." (emphasis added) IC 35-1-16-9, Ind. Ann. Stat. § 9-908 (Burns 1972 Supp.)

"When any such affidavit has been made, as provided in the last section, the prosecuting attorney shall approve the same by indorsement, using the words 'approved by me' and sign the same as such prosecuting attorney and indorse thereon the names of all the material witnesses; after which such affidavit shall be filed with the clerk, who shall indorse thereon the date of such filing, and record the same as in the case of an indictment, as provided in section one hundred and thirteen [§ 9-904] of this act. Other witnesses may afterwards be subpoenaed by the state; but unless the names of such witnesses be indorsed on the affidavit at the time it is filed, no continuance shall be granted to the state on account of the absence of any witness whose name is not thus indorsed. And the record of such affidavit and indorsements thereon, or a copy thereof certified to be a true copy by the clerk of the court, shall be sufficient evidence of the making and filing of such affidavit and the contents thereof; and the defendant may be tried upon such copy, all as provided in section one hundred and fifteen [§ 9-905] of this act in case of trial on copy of indictment." IC 35-1-16-10, Ind. Ann. Stat. § 9-909 (Burns 1956)

To the extent Burns § 49-2503 prohibits, or can be read to prohibit, the bringing of criminal charges by affidavit in a circuit court, it has been repealed by implication by the subsequent enactment of Burns §§ 9-908, 9-909, which clearly authorize the bringing of criminal charges, with the exception of murder and treason, by affidavit in a circuit court.

Stiles argues in the alternative that Burns § 49-2503 pro-

hibits a circuit court judge from deciding probable cause in a case which he will later try on the merits. Having determined probable cause, the judge is supposedly incapable of impartiality in the subsequent trial. In answer, we refer appellant to *State ex rel. French* v. *Hendricks Sup. Ct.* (1969), 252 Ind. 213, 223, 247 N.E.2d 519, 525, wherein the court stated that "the mere fact that a judge has ruled upon a showing of probable cause does not necessarily disqualify that judge from trying the case on its merits." Furthermore, examination of the case law on § 49-2503 suggests that concern for an impartial trial judge did not provide the impetus for its enactment. This statute, enacted in 1852, was intended to give the common pleas courts, which were abolished in 1873, a procedure for investigation of criminal activity similar to the grand jury method in the circuit courts. See *Ellison* v. *State* (1890), 125 Ind. 492, 496, 24 N.E. 739, 741; *West* v. *State* (1903), 32 Ind. App. 161, 164, 69 N.E. 465, 466.

The trial court clearly obtained jurisdiction in this case through compliance with Burns § 9-908, 9-909, and Stiles argument to the contrary is without merit.

The next issue raised by Stiles is error in the refusal of his tendered Instruction No. 3. It read as follows:

> "The Court now instructs you that if you determine that any witness has testified falsely as to any material fact with the purpose of misleading you, the jury, you may disregard the entire testimony of such witness except such testimony as may have been corroborated by other competent testimony."

The rule is well-settled that if the trial court gives instructions that substantially cover the subject matter of a tendered instruction, no error is committed in refusal to give the requested instruction. *Smith* v. *State* (1968), 250 Ind. 125, 235 N.E.2d 177; *Gayer* v. *State* (1965), 247 Ind. 113, 210 N.E.2d 852; *Bange* v. *State* (1957), 237 Ind. 422, 146 N.E.2d 811. The jury was instructed on credibility

of witnesses by the trial court's preliminary Instructions Nos. 6 and 7, which need not be set out here. Having decided the above, we need not examine the adequacy of Stiles' tendered instruction.

Finally, appellant Stiles contends the trial court lost jurisdiction, assuming it initially acquired jurisdiction, when it failed to sentence him within the time limitations prescribed in Criminal Rule 11. In addition, he claims this failure violated his constitutional right to a speedy trial. Criminal Rule 11 provides, in pertinent part, as follows:

"In all courts of superior jurisdiction having jurisdiction to try felony charges, the trial court shall sentence a defendant convicted in a criminal case on a plea of not guilty within thirty [30] days of the finding or verdict of guilty."

This issue arises due to the rather involved sequence of events which followed the return of a guilty verdict on March 9, 1972. On March 16, a petition was filed on Stiles' behalf by his brother for an examination to determine if Stiles was a criminal sexual deviant under IC 35-11-3.1-1, Ind. Ann. Stat. § 9-4001 (Burns 1972 Supp.) *et seq.* The trial court found this statute unconstitutional in that it would deny defendant his right to appeal. On March 27, pursuant to Stiles' filing of an original action in the Indiana Supreme Court, Justice Hunter of that Court issued an oral order that Stiles not be sentenced. On April 12, the Supreme Court handed down its decision which interpreted the above mentioned statute in a manner which preserved its constitutionality and ordered that Stiles be sentenced. *State ex rel. Stiles v. Hendricks Circuit Court* (1972), 258 Ind. 318, 281 N.E.2d 89. The trial court carried out that order on May 25.

The 77 day time span between verdict and sentencing, according to Stiles, caused the trial court to lose jurisdiction for failure to comply with the 30 day requirement of Criminal Rule 11. We disagree. The trial court had set March 28 as the date for sentencing, 19 days

682

after the jury's verdict was returned. However, because of Stiles' original action in the Supreme Court, the trial court was prevented from sentencing on March 28. Having caused the delay, Stiles is precluded from asserting it as error. *Stevens* v. *State* (1949), 227 Ind. 417, 86 N.E.2d 84.

Stiles further contends that while delay may have been initially justified because of the oral order of Justice Hunter, it was not justified once the Supreme Court ordered the trial court to sentence. That order was given April 12, and 43 days later Stiles was sentenced. What Stiles has overlooked, however, is that the party suffering an adverse decision has 20 days after that decision in which to file a petition for rehearing. Indiana Appellate Rule 11. We cannot ascribe reversible error to the fact that the trial court allowed for this lapse of 20 days before beginning the 30 day computation prescribed in Criminal Rule 11. The time for filing a petition for rehearing expired on May 2, 1972, after which the trial court sentenced Stiles on May 25, well within the 30 day requirement.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 298 N.E.2d 466.