### THE STATE v. BUSKIRK.

[No. 2,581.  Filed December 15, 1897.]

INTOXICATING LIQUORS.—*License.—Wholesale Dealers.—Indictment.*
—An indictment or information for violation of section 3 of the act of March 8, 1897 (Acts 1897, p. 253), prescribing a license to sell intoxicating liquors, with a proviso exempting wholesale dealers from compliance therewith, need not aver that defendant is not a wholesale dealer, as that is a matter of defense.  *p. 632.*

SAME.—*Sale Without License.—Indictment.—Statutes Construed.*—An affidavit and information charging that defendant did unlawfully transact a certain business, to wit, the business of selling malt liquor for the purpose of gain, in less quantities than five gallons at a time, etc., he not having at the time a valid license, etc., does not charge an offense described by section 3 of the act of March 8, 1897 (Acts of 1897, p. 253), for which punishment is prescribed by section 2186, Burns' R. S. 1894.  *pp. 629–633.*

From the Montgomery Circuit Court.  *Affirmed.*

*W. A. Ketcham*, Attorney-General, and *Dumont Kennedy*, for State.

*Wright & Seller* and *Breen & Morris*, for appellee.

BLACK, J.—The court below, upon motion of the appellee, quashed the affidavit and information under which a prosecution was instituted against him, whereby it was charged, that, at, etc., on, etc., the appellee "did then and there unlawfully transact a certain business, to wit, the business of selling malt liquor, for the purpose of gain, in a less quantity than five gallons at a time, to divers persons unknown to affiant, he, the said Buskirk, not having at the time a

valid license under the laws of said State to transact said business," etc.

We are informed in the argument that this appellee is the person who was the appellee in *State* v. *Buskirk* (Ind. App.), 48 N. E. 871, decided by this court on the same day with this cause; and it seems that this prosecution was instituted because of the failure in the court below to reach the appellee and hold him responsible in that case, the supposed evil to be remedied being in fact the same in character in one case as in the other.

We had occasion in that case to hold that while the penalty provided in section 12 of the liquor law of 1875 (section 7285, Burns' R. S. 1894, 5320, Horner's R. S. 1896) cannot be extended to offenses not within the terms of that section, yet that unlawful sales without license, of spirituous, vinous, or malt liquors, not mentioned in that section, may be prosecuted under section 249 of the act of 1881, concerning public offenses (section 2186, Burns' R. S. 1894, 2090, Horner's R. S. 1896), whereby it is provided: "Whoever, by himself or agent, transacts any business or does any act without a license therefor, when such license is required by any law of this State, shall be fined not more than two hundred dollars nor less than five dollars."

We are told by counsel that the present case is based on this statute. To find the particular offenses which may be punished under this section we must look to other statutes defining them; in this case we must look to the statutory provisions concerning licenses relating to intoxicating liquor.

The offenses there defined, for the punishment of which penalties are there specifically provided, cannot be regarded as among those contemplated in said section 249. We find there also other conduct denounced as unlawful, for the punishment of which no penalty

is there prescribed, as we sought to indicate in *State* v. *Buskirk,* above mentioned.

In determining whether the supposed offense here charged may be punished under said section 249, this section must be construed in connection with the statute of 1875, as amended in 1897, defining the conduct thereby declared to be unlawful. In pursuing this comparison we are to bear in mind that, these being penal statutes, they must both be strictly construed. The intention of the legislature must be followed, but it is to be sought in the language employed by the legislature. The construction, however aided, must not be repugnant to the terms of the statute.

A distinction is made in said section 249 between transacting any business without a license therefor, and doing any act without a license therefor. When a thing for which a license is required by any other law of this State is by such other law so described as to come within either of these two classes, and there is not otherwise specifically provided any penalty, then the penalty may be found here in said section 249. For the description of the offense in pleading we are to look to such other law, and we must find in this description an offense such as may be punished by the terms of said section 249.

Looking, then, to said act of 1875 as amended in 1897, we find (section 1) that it is thereby made unlawful for any person directly or indirectly to sell, barter or give away, for any purpose of gain, any spirituous, vinous, or malt liquors, without first procuring, etc., a license as thereinafter in said act provided; and that no person without having first procured such license shall sell or barter any intoxicating liquor to be drunk or suffered to be drunk in his house, etc.

Section 7, as amended, provides for the issuing of a license for the sale of such liquors as the applicant for

the license has applied for, with the privilege of permitting the same to be drunk on the premises. At the end of this section is a proviso, that none of the provisions of the act shall apply to any person engaged in business as a wholesale dealer, who does not sell in less quantities than five gallons at a time.

Section 12, which remains in force without amendment, provides a penalty against any person not licensed according to the provisions of said act, who shall sell, etc., in a less quantity than a quart at a time, or who shall sell or barter any spirituous, vinous or malt liquor to be drunk or suffered to be drunk in his house, etc. Thus, it is seen that section 12 does not provide a penalty for all that is declared to be unlawful.

The thing made unlawful for which no penalty is attached by the act of 1875, is the simple sale, etc., without license, of any quantity other than that for the sale of which without a license a penalty is specifically provided in section 12. If the seller in any case be a person engaged in business as a wholesale dealer, who does not sell in less quantities than five gallons at a time, this would be a matter of defense which need not be negatived in the indictment or information. *Russell* v. *State*, 50 Ind. 174; *State* v. *Maddux*, 74 Ind. 105; *Mergentheim* v. *State*, 107 Ind. 567; *Hewitt* v. *State*, 121 Ind. 245.

So we find that the offense described in the statute of 1875, to which no penalty is there attached, is a sale, a barter, or a giving away, for any purpose of gain. A person who makes a single sale without license, violates the law, whether he be engaged in the business of selling intoxicating liquor, or in any other business, or in no business; and every separate sale is a new offense. The indictment or information should contain a statement of the facts constituting the of-

fense in plain and concise language (sections 1800, 1824, Burns' R. S. 1894, 1731, 1755, Horner's R. S. 1896), indicating what misdemeanor it is, by showing it to be within the meaning of statutes describing an offense and prescribing the punishment therefor. The indictment or information should show a sale, or a barter, or a gift, for a purpose of gain. If the evidence prove one of these three separate offenses, there cannot be a conviction of either of the others. *Stevenson* v. *State*, 65 Ind. 409; *Kurz* v. *State*, 79 Ind. 848; *Harvey* v. *State*, 80 Ind. 142.

If the offense be properly stated, it will be shown to be the doing of an "act" without a license, and will not be described as the transaction of a business without a license.

In the affidavit and information before us, there is no charge of any sale, barter, or gift. The charge that the appellee did unlawfully transact a certain business, to wit, the business of selling malt liquor for the purpose of gain, in less quantities than five gallons at a time, etc., he not having at the time a valid license, etc., to transact said business, was not a charge of an offense described by the act of 1875, as amended in 1897, for which punishment is prescribed by said section 249.

The judgment is affirmed.