The State *v.* Buskirk.

---

THE STATE *v.* BUSKIRK.

[No. 2,580.   Filed Dec. 15, 1897.  Rehearing denied June 28, 1898.]

INTOXICATING LIQUORS.—*Quart Shop Law.*—*Penalty.*—The provision of section 2186, Burns' R. S. 1894, fixing a penalty of not more than $200.00 nor less than $5.00 for the transaction of any business or the

performance of any act without license, when a license is required by any law of this State, applies to the act of March 8, 1897 (Acts 1897, p. 253), known as the Quart Shop Act in which no penalty is fixed for the violation of the provisions thereof.

From the Montgomery Circuit Court. *Reversed.*

*William A. Ketcham,* Attorney-General, *Dumont Kennedy* and *Merrill Moores,* for State.

*Wright & Seller, William P. Breen* and *John Morris, Jr.,* for appellee.

BLACK, J.—A prosecution was instituted by information against the appellee for selling malt liquor without a license, the charge being that he, at, etc., on, etc., "did then and there unlawfully sell, for the purpose of gain, a certain quantity of malt liquor, to wit, lager beer, to one Mathias Yearion, in a less quantity than five gallons at a time, to wit, one quart, he, the said Buskirk, not having at the time a valid license under the laws of said State to so sell malt liquor as aforesaid," etc.

Upon application of appellee for a change of judge, a special judge was appointed. On motion of the appellee, the court quashed the affidavit and information, and this action of the court is assigned as error. It is agreed that the sale charged is by statute declared to be unlawful, yet it is contended on behalf of the appellee that no penalty is by law provided for such violation of the statute; that is, that there is no penalty for the sale of such liquor without a license, except where the sale is in less quantity than a quart at a time, or the liquor is sold to be drunk on the premises where sold. By section 1 of the act of March 17, 1875, Acts 1875, Spec. Sess., p. 55 (section 7276, Burns' R. S. 1894, 5312 R. S. 1881), it was made unlawful for any person directly or indirectly to sell, barter or give away, for any purpose of gain, any spirituous, vinous

or malt liquor, in a less quantity than a quart at a time, without first procuring from the board of commissioners of the county in which such liquor was to be sold, a license, as thereafter in said act provided, and that no person, without having first procured such license, should sell or barter any intoxicating liquor to be drunk or suffered to be drunk, in his house, outhouse, yard, garden or the appurtenances thereto belonging. Section 5 of said act of 1875 (sec. 7281 Burns' R. S. 1894, 5316, R. S. 1881), provided that if the applicant for a license desired to sell spirituous, vinous and malt liquors in quantities less than a quart at a time, he should pay the treasurer of the county $100, as a license fee for one year, before license should issue to him, and if he desired to sell only vinous or malt liquors, or both, in quantities less than a quart at a time, he should pay to the treasurer of said county $50 as a license fee for one year, before the license should issue to him, etc. Section 7 of said act of 1875 (sec. 7283 Burns' R. S. 1894, 5318 R. S. 1881), provided that upon the doing of certain things designated, the county auditor should issue a license to the applicant for the sale of such liquors as he applied for, "in less quantities than a quart at a time, with the privilege of permitting the same to be drunk on the premises," etc.

Section 12 of said act of 1875 (sec. 7285 Burns' R. S. 1894, 5320, R. S. 1881), provides as follows: "Any person, not being licensed according to the provisions of this act, who shall sell or barter directly or indirectly, any spirituous, vinous, or malt liquors in a less quantity than a quart at a time, or who shall sell or barter any spirituous, vinous or malt liquors to be drunk, or suffered to be drunk, in his house, outhouse, yard, garden or the appurtenances thereto belonging, shall be deemed guilty of a misdemeanor,

and, upon conviction thereof, shall be fined in any sum not less than twenty dollars nor more than one hundred dollars, to which the court or jury trying the case may add imprisonment in the county jail of not less than thirty days nor more than six months."

By an act of March 8th 1897, sections 1, 5 and 7 of said act of 1875 were amended (Acts 1897 p. 253, sections 7276, 7281, 7283, 4 Burns' R. S. 1897). The only substantial change in section 1 was the omission of the words, "in less quantities than a quart at a time." Section 5 was amended so as to read as follows: "If said applicant desire to sell spirituous, vinous and malt liquors, he shall pay the treasurer of said county one hundred dollars, as a license fee for one year, before license shall issue to him; such fees shall be paid into the school fund of the county in which such licenses are obtained." In the amended section 7, it is provided, that on compliance with certain specified prerequisites, "the county auditor shall issue a license to the applicant for the sale of such liquors as he has applied for, with the privilege of permitting the same to be drunk on the premises," etc., "which license shall specify the name of the applicant, the place of sale, and the period of time for which such license is granted: *Provided,* that none of the provisions of this act shall apply to any person engaged in business as a wholesale dealer, who does not sell in less quantities than five gallons at a time."

Section 12 above quoted, has not been amended, and there is no other statutory provision specifically prescribing punishment as for a crime for the sale of intoxicating liquors without a license, or specifically denominating such sale as a misdemeanor. But section 12 provides a penalty, upon conviction, for a sale or barter by one not licensed, only when the quantity sold or bartered is less than a quart, or when the

liquor is sold or bartered to be drunk or suffered to be drunk in his house, etc.; and it denominates only such a sale as a misdemeanor.

The learned prosecuting attorney, arguing for the State, contends that the penalty provided by this section 12 should be carried into the sections as amended in 1897, and should be regarded as applicable to an unauthorized sale of a quart of malt liquor. His remarks would seem to be directed in favor of a construction of the statute based upon a conjectured purpose of the legislature, rather than of a construction based upon the intention as expressed in the language employed. With all the various aids to interpretation and construction that may properly be employed by the courts, they cannot extend a statutory punishment for crime to an act clearly outside of the meaning of the language used by the legislature in describing the offense.

It has frequently occurred that the legislature has declared an act unlawful for which it has not provided a specific penalty. To provide for such instances in one direction, doubtless, our general statute of 1881 concerning crimes contains, in section 249 thereof, the following, being section 2186 Burns' R. S. 1894, (2090 Horners' R. S. 1897): "Whoever, by himself or agent, transacts any business or does any act without a license therefor, when such license is required by any law of the State, shall be fined not more than two hundred dollars nor less than five dollars." An offense against the criminal law so punishable would be a misdemeanor. Section 1642, Burns' R. S. 1894 (1573 Horner's R. S. 1897). To find instances to which this provision is applicable, manifestly we must look to other statutes. In *Keiser* v. *State*, 78 Ind. 430, it is held that this section 249 of said act of 1881 did not repeal said section 12 of the liquor law of 1875; and that said

section 249 is to be construed as applying to any transaction, business or trade for which the law requires a license without providing a special penalty for failing to obtain it. The decision in *Walter* v. *State*, 105 Ind. 589, was in agreement with this view. There, it was said: "The statutes of this State on the subject of the sale of intoxicating liquors have always been, as they still are, special and exceptional. Section 5320 [being said section 12 of the act of 1875] is, consequently, not inconsistent with, or repealed by, the subsequent enactment of section 2090 [being said section 249], the provisions of which ought to be construed as having reference to classes of business other than the sale of intoxicating liquors." This was said with reference to the liquor law as it was when *Walter* v. *State*, *supra*, was decided, in 1886. If any sales of intoxicating liquors without license be now made unlawful, for which no penalty is fixed by the statutes on the subject of the sale of intoxicating liquors, then these statutes are so far not special, and, therefore, the view that to such sales said section 2090 may be held applicable receives support from the case just mentioned.

Without proceeding upon any mere speculation as to the probability that the legislature would not do the useless thing of declaring an act unlawful without providing any penalty, and thereupon applying a penalty provided for other offenses, as suggested in argument, we find that a statute already in existence covered, with a penalty thereby prescribed, the act in question, so characterized by the legislature in 1897. The judgment is reversed, with instruction to overrule the motion to quash the affidavit and information.