## HAYMOND v. STATE OF INDIANA.

[No. 23,381.   Filed March 19, 1918.]

1. INDICTMENT AND INFORMATION.—*Intoxicating Liquors.*—*Statute.*—An affidavit that follows the statute (§8351 Burns 1914, Acts 1907 p. 689) in charging that the accused, on a certain date and in a named county of the state, ran and operated a place where intoxicating liquors were then and there sold in violation of the laws of the state, is sufficient.   p. 269.

2. INDICTMENT AND INFORMATION.—*Affidavit.*—*Filing Prior to Quashing of Indictment.*—The fact that an affidavit was in the possession of the clerk for a day or two previous to the court's ruling sustaining a motion to quash an indictment against the defendant for the same offense, is not conclusive evidence that the affidavit was filed prior to such ruling.   p. 269.

3. CRIMINAL LAW.—*Appeal.*—*Review.*—*Pendency of Indictment.*—*Burden of Proof.*—The defendant, charged by affidavit with operating illegally a place where intoxicating liquors were sold, had the burden of proof under his answer in abatement alleging that a prosecution by indictment for the same offense was pending against him at the time of the filing of the affidavit.   p. 271.

4. CRIMINAL LAW. — *Appeal.* — *Review.* — *Filing of Affidavit.* — *Finding.*—Where the evidence does not clearly show whether the affidavit charging the defendant with operating a place where intoxicating liquors were illegally sold was filed before or after an indictment for the same offense was quashed, the finding of the trial court that it was filed later cannot be disturbed.   p. 271.

5. CRIMINAL LAW.—*Credibility of Witnesses.*—*Jury Question.*—The jury was not bound to believe the defendant's testimony to the effect that persons occupying a room of a building in which liquor was sold illegally were his subtenants in good faith and were conducting the place on their own account, if, from the other evidence and circumstances disclosed at the trial, such testimony was not regarded worthy of belief.   p. 272.

6. LANDLORD AND TENANT.—*Sublease.*—*Violation of Lease.*—The subletting by a tenant of a part of the premises held by him under a lease providing against subletting without the lessor's consent, was valid as between the tenant and the subtenant, since the provision against subletting was for the protection of the lessor.   pp. 272, 273.

7. INTOXICATING LIQUORS. — *Prosecution.* — *Instruction.* — In a prosecution for operating a place where intoxicating liquors were illegally sold, where the defendant testified that the room

in which the evidence showed that the liquor was found was in the possession and control of third parties who held it as subtenants, and on cross-examination testimony was elicited showing that the lease between the defendant and his lessor provided against subletting without the lessor's consent, and testimony was introduced showing that the defendant sublet the room without such consent, the defendant had the right to have explained the phase of the law that, if the room was so sublet by the defendant in violation of his lease, the contract of subrental, as between him and his subtenants, was valid, and that so long as the principal lessor did not assert his rights under the lease, the sublessees could exercise control over the room as against the defendant and all others. p. 273.

8. INTOXICATING LIQUORS.— *Prosecution.*— *Instruction.*— *Reference to Other Crime.*—In a prosecution of a defendant for operating a place where intoxicating liquor was illegally sold, an instruction that referred to gaming in connection with, or as an element of, the crime charged against the defendant was erroneous. p. 274.

9. INTOXICATING LIQUORS. — *Prosecution.* — *Instruction.* — In a prosecution for operating a place where intoxicating liquors were illegally sold, the court instructed that if the defendant sublet a room to others for the purpose of gambling and the unlawful sale of intoxicants and such business of gambling and illegal selling of liquor was conducted therein by the sublessees with the defendant's knowledge and consent, and if the sublessees were in any manner encouraged, aided or abetted in the conduct of the illegal business by the defendant, then the defendant's conduct in subletting the room for gambling and the illegal sale of liquor, and in aiding and abetting such business, if he did so aid and abet the same, made him guilty the same as if he conducted the business himself: this instruction was erroneous, since it gave the jury the right to understand that the acts and conduct referred to amounted to aiding and abetting the illegal business, though the leasing of property to be used for the illegal sale of intoxicants is not made punishable by statute. p. 274.

10. INTOXICATING LIQUORS.—*Prosecution.*—*Instruction.*—Under a charge that the defendant operated a place for the illegal sale of liquor as defined by the second provision of §8351 Burns 1914, Acts 1907 p. 689, an instruction stating the law governing a prosecution for sales without a license as defined in the first section of the act was prejudicial. p. 275.

From the Delaware Circuit Court; *James S. Engle,* Special Judge.

Prosecution by the State of Indiana against Odbert J. Haymond. From a judgment of conviction, the defendant appeals. *Reversed.*

*Chauncey L. Medsker* and *Ira J. Young,* for appellant.

*Ele Stansbury,* Attorney-General, *Elmer E. Hastings, Dale F. Stansbury* and *H. G. Murphy,* for the state.

LAIRY, J.—Appellant was tried and convicted in the Delaware Circuit Court on an affidavit charging him with keeping and operating a place where intoxicating liquors were sold in violation of the laws of the state, and with being in possession of such liquors for such purpose in violation of the provisions of §8351 Burns 1914, Acts 1907 p. 689. A motion to quash the affidavit was filed and overruled, which ruling is assigned as error.

The affidavit follows the statute in charging that appellant at and in the county of Delaware and State of Indiana did on a date named keep, run and operate a place where intoxicating liquors were then and there unlawfully sold in violation of the laws of the State of Indiana. The principal objection urged against the sufficiency of the affidavit is that it does not specifically describe any location within the county where such place was run and operated. Indictments and affidavits in this form have been held sufficient under this statute. *Donovan* v. *State* (1907), 170 Ind. 123, 83 N. E. 744; *Rigrish* v. *State* (1912), 178 Ind. 470, 99 N. E. 786.

Appellant filed an answer in abatement to the affidavit on the ground that at the time said affidavit was filed there was pending in the same court an indictment returned by the grand jury of Delaware county against said defendant, wherein and whereby he was charged with the same and identical

offense with which he was charged in the affidavit to which the answer was addressed, and that the defendant had been arrested under such indictment and, at the time the affidavit was filed, was under bond to appear in court and defend against the charge of said indictment. An issue was formed on this answer by a general denial which was tried by the court and a finding rendered against appellant. The judgment was that he plead over. Appellant asserts that the finding of the court on this issue is not sustained by the evidence. The evidence shows that an indictment against defendant was pending in the Delaware Circuit Court on April 13, 1917, on which day a motion to quash, addressed to such indictment, was sustained. The affidavit on which this prosecution was based was prepared on or about April 10, 1917, and on the 11th or 12th day of April was in the hands of the clerk. The warrant was written out and delivered to the sheriff on April 13, but it is not shown whether it was signed and sealed by the clerk and delivered to the sheriff before or after the court's action on the motion to quash the indictment. The fact that the affidavit was in the possession of the clerk for a day or two previous to the ruling of the court on April 13 is not conclusive evidence of the fact that it was filed prior to that time. The clerk may have been instructed not to regard the affidavit as filed, and not to take any official action on it until after the indictment was quashed, and it may be assumed, in the absence of evidence to the contrary, that the clerk signed and sealed the warrant and delivered it to the sheriff after the court announced its ruling on that motion. The evidence shows that the file mark was not placed on the affidavit until after such ruling, and there is no direct evidence that the clerk regarded it as filed or took any official action on it prior to such ruling.

Section 1989 Burns 1914, Acts 1905 p. 611, provides

that all public offenses except treason and murder may
be prosecuted in the circuit and criminal courts

3. by affidavit filed in term time, except when the
grand jury is in session or a prosecution by in-
dictment or affidavit for the same offense is pend-

4. ing at the time of the filing of such affidavit.

Under his answer in abatement the burden rested
on appellant to prove that a prosecution by indictment
for the same offense was pending at the time of the fil-
ing of the affidavit to which the answer was addressed.
The evidence does not clearly show whether the affidavit
was filed before or after the indictment was quashed.
Under such a state of the evidence the finding of the
trial court cannot be disturbed.

The ruling of the court on appellant's motion for a
new trial is assigned as error, and several questions are
presented under this assignment.

The evidence shows that appellant had been conduct-
ing a billiard room on the ground floor at No. 205 East
Main street in Muncie, Indiana. The room on the
ground floor was divided by partitions into three apart-
ments. The front was used for the billiard parlor, the
middle one for a storage room, and from the rear room
abutting on the alley a stairway led to a basement.
This stairway furnished the only means of ingress to
the basement and was reached by entering the rear room
either from the alley or from the front. On March 30,
1916, appellant leased the ground floor and the base-
ment thereunder for the term of eighteen months be-
ginning April 1, 1916, as shown by the written lease
introduced in evidence, which provided that the premises
should not be subleased without the written consent of
the lessor. The rent provided for in the lease was paid
by appellant, but he testified that he subleased the base-
ment to other persons who were occupying it and con-
trolling it under such sublease at the time intoxicating

liquor was found in their possession and at the various times such liquor was sold in the basement as shown by the evidence. No evidence was introduced to show that any intoxicating liquor was found in any of the rooms on the ground floor, or that any such liquor was ever sold in any of such rooms. There was no evidence. to show that appellant exercised any control or dominion over the rooms in the basement, or that he was in a position to exercise dominion or control, except the fact that such basement was covered by his lease. There is no evidence to show that the persons who were conducting business in the basement were employes, agents or servants of appellant, or that they were in partnership with him in such business, or that any other relation existed which would make appellant responsible for their acts or for the manner in which their place was conducted, assuming they were occupying it as his tenants under a sublease.

One of the important questions which the jury was required to decide was whether the persons who were occupying the basement were conducting the place on their own account and responsibility in a room which they had rented in good faith from appellant. The jury was not bound to believe the testimony of appellant on this subject, if, from the other evidence and the circumstances disclosed at the trial, such testimony was not regarded as worthy of belief. As bearing on this question, the state on cross-examination of appellant called his attention to the clause of the lease providing that he should not sublease the premises without the written consent of the lessor; and questions were asked which elicited evidence showing that he did not obtain the written consent of the lessor to sublease the basement. It was also shown by the testimony of Mr. Gray, who looked after leasing the building and collected the rent

for the owner, that appellant did not to his knowledge obtain the written consent of the lessor to sublease the basement.

As applicable to this evidence, appellant requested the court to instruct the jury in substance that, if it found that appellant had possession of the first floor
6. and the basement thereunder under a written lease which contained a clause providing that such property could not be subleased or sublet
7. without the written consent of the owner, notwithstanding such provision the defendant would not be prevented from actually subrenting such property or any part thereof. This instruction was refused and no instruction was given bearing on the same question. The provision of the lease to which the instruction referred was intended for the protection of the lessor. If the lessor desired to enforce it, he might have done so; but if he did not, no one else had cause for complaint. If appellant subrented the basement in violation of such provision in his written lease, the contract, as between him and his subtenant, would be as valid and binding as though the consent of the lessor had been obtained. So long as the principal lessor did not assert his rights under the provision in question, the subtenant would have a right to hold possession of the basement and to exercise dominion and control over it as against appellant and all others. A sublease of the basement would not be void and of no force and effect because made in violation of the provision mentioned. In view of the evidence, appellant had a right to have this phase of the law explained to the jury, so that it might understand the force and effect of a contract subletting the basement in the event they should find that appellant had subleased it. The jury may have believed appellant's testimony as to the subletting

of the basement, but may have regarded such sublease as of no force and effect under the law. Appellant may have been found guilty on the theory that the basement was under his exclusive control and management notwithstanding any sublease, and that he knowingly and willingly permitted intoxicating liquors to be unlawfully sold on such premises so under his management and control. The requested instruction bore upon a question which was vital to the merits of the controversy and the failure to give it was reversible error. In view of the evidence, it is impossible for the court to say that the error in failing to give such an instruction did not affect the result.

The seventh instruction given by the court is open to serious objections. By this instruction the jury was told that, if the defendant sublet the basement room to others for the purpose of *gambling* and the unlawful sales of intoxicating liquors and such business of *gambling*, and illegal sales of intoxicating liquors were conducted therein by the sublessees with the knowledge and consent of the defendant, and if said sublessees were in any manner encouraged, aided or abetted in the conduct of such illegal business by the defendant, then such conduct on the part of defendant in subletting such basement for the purpose of conducting *gambling* and operating a place where intoxicating liquors were unlawfully sold, and in aiding and abetting such business, if he did so aid and abet the same, would make him guilty the same as if he conducted such business himself. Under the statutes of this state it is a misdemeanor for the owner of property to lease a room to be used or occupied for gaming. Appellant was not charged with renting a room to be used or occupied for gaming, and it was error to refer to gaming in connection with or as an element of the crime charged by the affidavit. By the latter

part of the instruction, the jury was told that appellant might be convicted if he aided or abetted his sublessees in the conduct of a place where intoxicating liquors were sold in violation of law.  The jury was not told by such instruction what acts or conduct on the part of appellant would amount to aiding and abetting such business further than by the reference to the leasing of the basement for the purpose of having gambling and illegal sales of liquor conducted therein and permitting gambling and the illegal sales of liquor to be conducted therein by his sublessees with his knowledge and consent.  From the instruction taken as a whole the jury had a right to understand that the acts and conduct referred to amounted to aiding and abetting the illegal business in such a sense as to make appellant guilty. The legislature has made it an offense for a landlord to lease property to a person who conducts a house of prostitution or a gambling house therein with his knowledge or consent (§§2357, 2466 Burns 1914, Acts 1905 pp. 690, 716), but no provision has yet been made by statute for the punishment of a landlord who leases property where the illicit sale of intoxicating liquor is conducted with his knowledge and consent.

The third instruction given by the court was for the most part inapplicable to the case on trial.  All of the instruction except the last sentence was devoted to a statement of the law governing prosecutions for sales of intoxicating liquor without a license. Appellant was not charged with making any specific sale of such liquor without a license with the particularity which is required when the prosecution is based on the first provision of §8351 Burns 1914, *supra.* State v. *Buskirk* (1897), 18 Ind. App. 629, 48 N. E. 872; *Daniels* v. *State* (1897), 150 Ind. 348, 50 N. E. 74.  He was charged under the second provision of that section with keeping, running, or operating a place

where intoxicating liquors were sold in violation of law, and no attempt was made to justify on the ground that the sales were made under a license. The first part of the instruction to which reference has been made was misleading and prejudicial to the defendant.

For the errors pointed out, the judgment is reversed, and the court is instructed to sustain appellant's motion for a new trial.

NOTE.—Reported in 119 N. E. 5. Criminal law: pendency of a criminal prosecution, burden of proof, Ann. Cas. 1912A 844, 12 Cyc 360; credibility of witnesses, 12 Cyc 909. Landlord and tenant, restrictive covenant in lease against subletting, Ann. Cas. 1913B 889, validity as between lessee and subtenant, 24 Cyc 968.