## TRISLER v. STATE OF INDIANA.

[No. 29,154. Filed June 17, 1954. Rehearing denied September 22, 1954.]

*James F. Griggs,* of Franklin and *Robert I. Marsh,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Frank E. Spencer,* Deputy Attorney General, for appellee.

GILKISON, J.—In the trial court appellant was charged by affidavit with assault and battery, on July 1st, 1953.

Omitting caption and verification, the affidavit is as follows:

"Carl Miller, being duly sworn on his oath, says that he is informed and verily believes that on or about the 27th day of June, 1953, at the county of Brown, State of Indiana, Paul Trisler did then and there unlawfully touch another, to wit: One Earl Miller, in a rude, insolent and angry manner, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

The affidavit was not indorsed "Approved" by the Judge of the Brown Circuit Court, nor was there any court record indicating an approval of the affidavit by the judge.

On the date the affidavit was filed, a vacation warrant was issued for appellant's arrest on the charge, by the Clerk of the Circuit Court. It was returned by the sheriff "Served as commanded" on July 2, 1953.

A motion to quash the affidavit was thereafter filed, the reason therefor being as follows:

"1. That said affidavit was not filed in accordance with the provisions of Section 9-908 of the Burns Statute of the State of Indiana relating to the prosecution by affidavit of criminal offenses."

This motion was overruled the day it was filed and

on the same date an amended motion to quash was filed, for the cause:

"1.   That the facts stated in the affidavit do not constitute a public offense."

The amended motion to quash the affidavit was overruled the next day, September 18, 1953.

Upon his plea of not guilty defendant was tried by jury beginning on September 22, 1953, which resulted in a verdict of guilty as charged, that he be fined $100.00 and imprisoned at the Indiana State Farm for six months. The verdict contained a parenthetical statement immediately following the word "months" as follows: "(suspended sentence recommended)."

A judgment was rendered on the verdict, ignoring the parenthetical recommendation noted, on September 25, 1953.

Appellant filed his motion for new trial on October 25, 1953, containing five specifications. (1) Error in overruling appellant's motion to quash the affidavit, because it was filed in vacation and was not approved by the judge. (2) Error in admitting in evidence state's Exhibits A and B. (3) The verdict is not sustained by sufficient evidence. (4) Error in refusing to give each instruction 8, 9 and 13 tendered by defendant. (5) Newly discovered evidence, which by the exercise of reasonable diligence he could not have discovered and produced at the trial.

At common law and in Indiana until 1905, all prosecutions for public offenses, were required to be instituted by indictment or information. In 1905 the legislature authorized the prosecution of all public offenses, except treason and murder, by affidavit filed in term time, except when the grand jury is in session or a prosecution for the same offense is pending. Acts 1905, Chap. 169, Sec. 118, page 611. By the next sec-

tion this law required that the prosecuting attorney approve the affidavit using the words "approved by me" and sign the same as such prosecuting attorney. Sec. 119, page 611.

This law was amended by the Acts of 1927, in which the exception "when the grand jury is in session" was eliminated, and the following paragraph was added:

"And such affidavit may be filed in vacation time as in term time, but only with the approval of the judge of such court, . . ." Acts 1927, Chap. 132, Sec. 4, page 415. The law as so amended is now Sec. 9-908, Burns' 1942 Repl.

The law with respect to the necessity for the approval indorsement of the prosecuting attorney has been considered by this court in *McSwane* v. *State* (1929), 200 Ind. 548. In deciding the question so presented we said:

> "Appellant now contends that there was no affidavit or pleading on the part of the state in this cause in the circuit court for the reason that the affidavit was not approved by the prosecuting attorney. The defendant did not file a motion to quash the affidavit. Had this been done, the motion should have been sustained. *Cole* v. *State* (1907), 169 Ind. 393, 82 N. E. 796; *Robinson* v. *State* (1912), 177 Ind. 263, 97 N. E. 929; *Hicks* v. *State* (1916), 185 Ind. 223, 113 N. E. 722; *Wischmeyer* v. *State* (1929), ante 512, 165 N. E. 57. But if the attention of the trial court had been directed to the fact that the affidavit did not bear the approval of the prosecuting attorney, by a motion to quash before the beginning of the trial, it then could have been indorsed. *Robinson* v. *State, supra.*
>
> It is essential that there shall be a strict compliance with the legislative requirements concerning the commencement of a criminal action, for the power of the legislature to prescribe the requirements is plenary. *Pease* v. *State* (1921), 74 Ind. App. 572, 129 N. E. 337."

The McSwane case was considered by this court recently, in *Mattingly* v. *State* (1952), 230 Ind. 431, 104 N. E. 2d 721, in which it was partially overruled. But that part quoted above was approved by the statement at page 435, as follows:

"The law is likewise well settled in Indiana that when the failure of the prosecuting attorney to endorse an affidavit with the words 'approved by me' is raised by a motion to quash, such motion must be sustained. *Lynn* v. *State* (1934), 207 Ind. 393, 395, 193 N. E. 380; *Hicks* v. *State* (1916), 185 Ind. 223, 225, 113 N. E. 722, *supra; Robinson* v. *State* (1912), 177 Ind. 263, 265, 97 N. E. 929 *supra; Cole* v. *State* (1907), 169 Ind. 393, 397, 82 N. E. 796, and if appellant herein had raised this question in a motion to quash it should have been sustained."

The legislative requirement that the prosecuting attorney endorse his approval of an affidavit by which he seeks to charge a defendant with a public offense, Sec. 9-908, Burns' 1942 Repl., is analogous to the legislative requirement that when such an affidavit is filed in "vacation time" it may be so filed "only with the approval of the judge" as specifically required by the authorizing statute, Sec. 9-908, Burns' 1942 Repl. It should be governed by the same rule of law.

About this proposition the state contends that while the statute requires when such an affidavit is filed in vacation it must be done with the approval of the judge, there is no statutory requirement that the judge "sign or mark the affidavit in any way, and therefore there is no such defect apparent on the face of the affidavit." Of course the court could not approve the affidavit orally, for a court of record, can speak only by the record. When we look at the affidavit and the other record before us we cannot avoid seeing that this

affidavit was filed in vacation, and nowhere on the affidavit or elsewhere in the record, is there anything indicating that the judge has ever approved it. This approval, we think, must appear from the record. Under these circumstances the affidavit was vulnerable to a motion to quash and if no such motion were made, there are authorities that the defendant will be presumed to have waived the defect. See *Mattingly* v. *State* (1952), 230 Ind. 431, 104 N. E. 2d 721, *supra*. However, appellant filed his motion and amended motion to quash giving the reasons heretofore noted. The original motion to quash was correctly overruled by the court. On the same day appellant filed an amended motion to quash, giving the correct statutory reason for the motion, and thereby the question was directly presented. The court overruled the amended motion. This was reversible error.

In proper time the defendant tendered among others his instruction No. 8 and requested that it be given. It is as follows:

"When a person being without fault and in a place where he has a right to be, is violently assaulted, he may, without retreating, repel force by force, and if necessary in the reasonable exercise of his right of self defense, his assailant is injured, he is justifiable."

It was refused by the court. The alleged error of the court in refusing to give this instruction is properly presented in the motion for new trial, and the assignment of error in this court.

The evidence indicates that one of the defenses relied upon by defendant is self defense. The court gave no instruction on the subject of self defense. In this situation it was reversible error to refuse to give defendant's tendered instruction No. 8 noted above. *Wall*

v. *State* (1875), 51 Ind. 453, 469; *Bryant* v. *State* (1886), 106 Ind. 549, 552, 7 N. E. 217; *Plummer* v. *State* (1893), 135 Ind. 308, 313, 34 N. E. 968; *Clark* v. *State* (1902), 159 Ind. 60, 65, 64 N. E. 589; *White* v. *State* (1912), 178 Ind. 317, 318, 99 N. E. 417; *Moore* v. *State* (1948), 226 Ind. 428, 430, 81 N. E. 2d 669.

Appellant's motion to modify the judgment to agree with that part of the verdict in parenthesis as follows: "(suspended sentence recommended)" was overruled by the court. It was within the discretion of the trial court to accept or reject the jury's recommendation. It seems that in the exercise of this discretion it rejected the recommendation. The verdict in the instant case was wholly dissimilar to the verdicts in the cases of *Limeberry* v. *State* (1945), 223 Ind. 622, 63 N. E. 2d 697, and *West* v. *State* (1950), 228 Ind. 431, 92 N. E. 852, relied upon by appellant. We find no error in the court's action in overruling the motion to modify the judgment.

For the reasons given the judgment of the Brown Circuit Court is reversed, with instructions to sustain the amended motion to quash the affidavit and further proceedings agreeable with this opinion.

NOTE.—Reported in 120 N. E. 2d 404.