DeHart v. Blande, Acting Warden of Indiana
State Prison.

[No. 29,157. Filed October 26, 1954. Rehearing denied
November 30, 1954.]

*James C. Cooper,* Public Defender, and *Perry W. Cross,* Deputy Public Defender, for appellant.

*Edwin K. Steers,* Attorney General, *Frank E. Spencer,* and *Carl M. Franceschini,* Deputy Attorneys General, for appellee.

EMMERT, J.—This is an appeal from a judgment for the appellee on a petition for a writ of habeas corpus. The facts were stipulated at the hearing, and involve proceedings had in the Criminal Court of Marion County, Division two (2).

On December 29, 1947, the state filed an affidavit in the trial court charging appellant with armed robbery, being entitled, "The State of Indiana vs. Paul De Hart," and numbered 4609Z. On February 11, 1948, in the same court the state filed another affidavit for armed robbery against appellant, charging the same offense,

entitled "The State of Indiana vs. Paul De Hart," and numbered 4644Z. On February 25, 1948, appellant pleaded guilty to this second affidavit, and upon it was sentenced for a determinate period of ten (10) years. This same day, on motion of the state, the first affidavit was dismissed.

Appellant contends that the second affidavit was filed in violation of §9-908, Burns' 1942 Replacement,[1] since the first affidavit had not been dismissed at that time, and therefore the second affidavit was void for want of jurisdiction under the statute. If this position be conceded for the purpose of this opinion, it still does not follow that appellant should prevail on his petition for the writ of habeas corpus.

The remedy afforded by a petition for a writ of habeas corpus in this sort of case is very limited, for Indiana adheres to the rule that "In determining these questions, we are limited to the court's intrinsic record, and matters dehors such record are not in issue. *Dinkla* v. *Miles* (1934), 206 Ind. 124, 188 N. E. 577; *Witte* v. *Dowd, Warden* (1951), 230 Ind. 485, 102 N. E. 2d 630; *State ex rel. Eggers* v. *Branaman* (1932), 204 Ind. 238, 183 N. E. 653." *Harris* v. *Souder* (1954), 233 Ind. 287, 119 N. E. 2d 8, 10.

The petition for the writ here is a collateral attack on the judgment of the Criminal Court of Marion County, Division two (2), for want of jurisdiction to enter the particular judgment. It is not a collateral attack upon some other prosecution in the same court, and the intrinsic record we are limited to is the record in the proceedings in which the judgment was entered.

---

1. "All public offenses, except treason and murder, may be prosecuted in the circuit or criminal court, by affidavit filed in term time, in all cases except when a prosecution by indictment or affidavit for the same offense is pending at the time of the filing of such affidavit . . ." Section 9-908, Burns' 1942 Replacement (Acts 1905, ch. 169, §118, p. 584, 1927, ch. 132, §4, p. 411).

If appellant wishes to present his jurisdictional questions arising out of another prosecution he will have to pursue a different remedy.

Judgment affirmed.

Flanagan, C. J., Bobbitt and Draper, JJ., concur.

Gilkison, J., dissents with opinion.

### DISSENTING OPINION

GILKISON, J.—On December 29, 1947, appellant was charged by affidavit regularly filed in the Marion Criminal Court, Division No. 2, with the crime of robbery while armed with a deadly weapon, as defined by Sec. 10-4709, Burns' 1942 Repl., and the cause was given No. 4609-Z in said court.

On February 11, 1948, another affidavit was filed in the same court, charging appellant with the same offense, in the same language as the first affidavit, and it was given No. 4644-Z in said court. At the time this affidavit was filed cause No. 4609-Z noted above, was pending in said court.

On February 25, 1948, appellant appeared in said court, plead guilty in said cause No. 4644-Z—being the affidavit filed on February 11, 1948—and was sentenced to the Indiana State Prison for ten years. Since that date appellant has been in the prison serving said sentence. After the plea of guilty was entered and judgment rendered thereon, but on the same day the charge against appellant as stated in cause No. 4609-Z was dismissed, or *nolle prosequi* by the state.

There is no dispute about the facts stated above. They were stipulated by the parties in the trial court.

This action in habeas corpus was brought in the La Porte Circuit Court, where upon trial there was a judgment against appellant from which he appeals.

The only question presented in this appeal is as to the power of the Marion Criminal Court Division 2, to

receive and act upon the second affidavit noted. We shall direct our attention to that question.

The Indiana Constitution provides:

"The Circuit Court shall each consist of one Judge and shall have such civil and criminal jurisdiction as may be prescribed by law." Art. 7, Sec. 8.

This section of the Constitution gives the General Assembly the authority and duty to fix and define the extent of the jurisdiction of circuit and criminal courts and our court has definitely so held. *Board* v. *Allbright* (1907), 168 Ind. 564, 573, 81 N. E. 578; *The Board of Commrs.* v. *Gwin et al.* (1893), 136 Ind. 562, 576, 36 N. E. 237, 22 L. R. A. 402; *Branson* v. *Studebaker* (1892), 133 Ind. 147, 149, 33 N. E. 98. Exercising this power and performing this duty, the General Assembly has authorized prosecutions by affidavit so far as applicable to this case, as follows:

"All public offenses, except treason and murder, may be prosecuted in the circuit or criminal court, by affidavit filed in term time, in all cases *except when a prosecution by indictment or affidavit for the same offense is pending at the time of the filing of such affidavit. . . .*" (Our italics.) Sec. 9-908, Burns' 1942 Repl. Acts 1905, ch. 169, Sec. 118, pp. 584, 611, as amended by Acts 1927, Sec. 4, pp. 411, 415.

Prior to the enactment of this statute, the state was required to prosecute all crimes by indictment or information. *Trisler* v. *State* (1954), 233 Ind. 479, 120 N. E. 2d 404.

By this statute the General Assembly expressly withheld jurisdiction or power from the circuit and criminal courts to prosecute three classes of cases by affidavit. These classes are: (1) treason, (2) murder, (3) and when a prosecution by indictment or affidavit

for the same offense is pending at the time of the filing of such affidavit.

In this case there is no question that at the time the second affidavit was filed on February 11, 1948, appellant was then being held by the affidavit filed December 29, 1947, charging him in the same court with the same offense, and that the court continued to so hold him on that affidavit for fourteen days after the second affidavit was filed. In this situation the Marion Criminal Court No. 2, was prohibited by the statute noted from accepting or taking any action whatever on the second affidavit. However, the court received and took action on the second affidavit and attempted to render a final judgment thereon, while the first affidavit was pending. All action so taken, including the final judgment, is not voidable, but is wholly null and void. *Stevens* v. *State* (1952), 230 Ind. 518, 552, 105 N. E. 2d 332; *Rogers* v. *State*, 212 Ind. 593, 594, 10 N. E. 2d 700; *Alstott* v. *State*, 205 Ind. 92, 93, 185 N. E. 896. See also *Haymond* v. *State* (1918), 187 Ind. 267, 269, 119 N. E. 5, and *Trisler* v. *State* (1954), 233 Ind. 479, 120 N. E. 2d 404.

Of course a court must take judicial notice of its own record in a pending prosecution and it is not necessary for either party to make proof of a thing of which the court takes judicial notice. *Zehrlaut* v. *State* (1951), 230 Ind. 175, 182 and cases there cited, 102 N. E. 2d 203.

Notwithstanding the fact that the legislature, with the approval of this court has greatly limited[1] (Sec. 3, 1918 Burns' 1946 Repl.) the right to habeas corpus guaranteed by the state constitution (Art. 1, Sec. 27),

---

1. Causing a recent judge of this court to say: "Habeas corpus is a statutory proceeding in the state of Indiana." *Ex rel. Barnes* v. *Howard*, 224 Ind. 107, 109, 65 N. E. 55.

it still remains a valid remedy for one who is restrained of his liberty by a judgment that is shown to be wholly void. *State ex rel. Eggers* v. *Branaman, Judge* (1932), 204 Ind. 238, 246, 183 N. E. 653. In this case among other things Judge Treanor said:

"Respondent's answer shows that relatrix failed to perfect her appeal and to that extent failed to avail herself of a legal remedy and it is possible that relatrix has failed to take advantage of other legal remedies which might have sufficiently protected her interests against the alleged void judgment. A defendant, however, is under no duty to take advantage of any particular legal remedy which may happen to be available at the risk of being precluded from attacking in a habeas corpus proceeding an alleged void judgment. The remedy of habeas corpus is more fundamental and far-reaching as against void judgments than the remedy of appeal. The right to a writ of habeas corpus is a part of the law of the land and if the facts justify relief thereunder a party is entitled to this relief even though the same result might have been achieved by the more common remedy of appeal."

Prior to this decision by Treanor, J., Martin, J., in *Stephenson* v. *Daly* (1927), 200 Ind. 196, 203, 158 N. E. 289, stated the applicable law, thus:

". . . Where it is alleged that there are radical jurisdictional defects, sufficient to render the judgment void and subject to collateral attack, and that such lack of jurisdiction can be determined from the record (The record proper is the petition and return) habeas corpus is the proper remedy. Want of jurisdiction over the person or subject-matter is always ground for such relief. If the court has acted without such jurisdiction, the judgment is absolutely void, and one who is imprisoned under and by virtue of such a void judgment may be discharged from custody on habeas corpus. (Many authorities)."

See also *Witte* v. *Dowd, Warden* (1951), 230 Ind. 485,

490, 493, where Emmert, J., speaking for the court quoted from Church on Habeas Corpus (2d Ed.) and among other things said:

> "Where it appears that the relator is detained under the process or under the final judgment of a court of competent jurisdiction, it is the duty of the court to remand him, *unless it is shown that the process issued, or that the judgment was rendered without jurisdiction; and this the relator may always show notwithstanding the statutory prohibition.*" (Our italics.)

To ascertain whether the judgment rendered by the Marion Criminal Court No. 2 in the Cause No. 4644-Z was or was not void, we are limited to the record in this habeas corpus proceeding, not the record in the Criminal Court No. 2 that is attacked, and as said by Martin, J., in *Stephenson* v. *Daly* (1927), 200 Ind. 196, at page 203, *supra,* "(the record proper is the [habeas corpus] petition and return)." The record made in the Marion Criminal Court No. 2 is attacked by the habeas corpus petition. That record was competent evidence in the habeas corpus action, and it was fully presented to the trial court by the stipulations.

This appeal presents a case that is tailored to fit the narrow pattern that is habeas corpus in Indiana. It fits that pattern perfectly.

It is a lamentable error to deny it.

The judgment rendered should be reversed, and the jurisdictional statute should be rigidly enforced.

NOTE.—Reported in 122 N. E. 2d 90.