[No. 13559. In Bank.—December 31, 1889.]

BINGEN F. HAYNE, PETITIONER, *v.* JUSTICE'S
COURT, RESPONDENT.

PROHIBITION — EXCESS OF JURISDICTION — TRIAL OF CAUSE PROHIBITED BY
STATUTE. — A court that proceeds in the trial of a cause against the ex-
press prohibition of a statute is exceeding its jurisdiction, and may be
prevented from doing so by prohibition from this court.

ID. — INSOLVENCY — STAY OF PROCEEDINGS. — Under section 45 of the In-
solvency Act, all proceedings against the insolvent debtor must be stayed
upon his application, pending the examination of the court in insolvency
on the question of discharge, except in certain cases enumerated, and if
a justice's court refuses to stay proceedings upon his motion in a case
not within the exceptions of the statute, a writ of prohibition will issue
to restrain it from further proceedings, notwithstanding an order of the
superior court in which the insolvency proceedings are pending, assuming
to permit the justice's court to proceed with the cause.

APPLICATION for writ of prohibition. The facts are
stated in the opinion.

*Geil & Morehouse*, for Petitioner.

*N. A. Dorn*, and *W. M. R. Parker*, for Respondent.

WORKS, J.— This is an application for a writ of prohi-
bition to prevent the respondent proceeding to trial and
judgment in a cause pending before it.

An action was brought against the petitioner in the
justice's court on a promissory note, and an attachment
was issued and levied on his property. The petitioner
filed his petition in insolvency, and the property attached
was released. He filed his answer in the justice's court
setting up the insolvency proceedings, but the plaintiff
applied to the superior court in which the insolvency
proceedings were pending and procured an order from
that court, permitting the justice's court to proceed with
the cause. The petitioner moved the justice's court to
desist from further proceedings, but his motion was de-

nied, and the court being about to proceed to judgment, this writ was applied for.

Section 45 of the Insolvency Act (Deering's Code of Civil Procedure, page 686) provides:—

"And no creditor whose debt is provable under this act shall be allowed, after the commencement of proceedings in insolvency, to prosecute to final judgment any action therefor against the debtor, until the question of the debtor's discharge shall have been determined, and any such suit or proceeding shall, upon the application of the debtor or any creditor, or of the assignee, be stayed to await the examination of the court in insolvency on the question of discharge."

There are certain provisions in the section authorizing the continuation of proceedings in certain cases, but this case is not within any of them.

This is a plain and direct prohibition against any further proceedings in the justice's court, and the petitioner, having brought himself within the statute, is entitled to the writ prayed for.

The respondent does not contend that it has the right to proceed, but claims that in doing so it would not exceed its jurisdiction, but would only commit an error that could be reached by appeal. We cannot agree to this proposition. A court that proceeds in the trial of a cause against an express prohibition of a statute is exceeding its jurisdiction, and may be prevented by prohibition from this court.

The case of *Bandy* v. *Ransom*, 54 Cal. 87, is not in point. At the time it was decided, the Insolvency Act in force contained no prohibition against proceedings in other courts after the commencement of insolvency proceedings. The provision of the statute referred to is a salutary one, calculated to prevent the swallowing up of insolvent estates in unnecessary litigation, and should be enforced. Conceding that an appeal might have been taken, it was not an adequate remedy. It would

only add to the costs of litigation, the very thing that the statute was intended to prevent.

Let the writ issue as prayed for.

SHARPSTEIN, J., FOX, J., THORNTON, J., MCFARLAND, J., PATERSON, J., and BEATTY, C. J., concurred.

Rehearing denied.