## LEE v. STATE OF INDIANA.

[No. 24,007.　Filed March 29, 1922.]

INDICTMENT AND INFORMATION.—*Prosecution in City Court.— Right to Have Grand Jury Determine Filing of Charge.—Statutes.*—A defendant, charged in the city court with violating Acts 1917 p. 15, §4, (§8356d Burns' Supp. 1918), was not entitled to have the grand jury, in session at the time the affidavit was filed in the city court, pass on the question of whether a charge should be lodged against him, under §1989 Burns 1914, Acts 1905 p. 584, §118, providing that all public offenses, except murder and treason, may be prosecuted in the circuit or criminal court, by affidavit filed in term time, in all cases except when the grand jury is in session ·or a prosecution by indictment or affidavit for the same offense is pending at the time of the filing of the affidavit; such statute having application to cases filed in circuit and criminal courts, which have power to call and empanel grand juries.

From Delaware Circuit Court; *William A. Thompson,* Judge.

Prosecution by the State of Indiana against Charles Lee. From a judgment of conviction, the defendant appeals. *Affirmed.*

*John J. O'Neill,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* for the state.

TOWNSEND, J.—Appellant was convicted in the city court of Muncie for a violation of §4, Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1918. He appealed to the circuit court and was again convicted.

In the circuit court he pleaded in abatement, that the grand jury was in session when the affidavit was filed in the city court. A demurrer was sustained to this plea. This plea is based on the following section of our statutes:

"All public offenses, except treason and murder, may be prosecuted in the circuit or criminal court, by affidavit filed in term time, in all cases except when the grand jury is in session or a prosecution by indictment or affidavit for the same offense is pending at the time of the filing of such affidavit." §1989 Burns 1914, Acts 1905 p. 584, §118.

Appellant's contention is that he had a right to have this grand jury pass upon the question of whether a charge should be lodged against him. No one has such right further than is clearly given by statute; for all the right there is in this behalf is purely legislative.

The Constitution provides that the legislature "may modify or abolish the grand jury system." §17, Art. 7. For a cursory history of legislative modification of the grand jury system, see *State* v. *Roberts* (1906), 166 Ind. 585, 590, 591, 77 N. E. 1093.

The right being purely legislative, the above statute must be confined to cases filed in circuit and criminal courts, which have power to call and empanel grand juries

Analogous cases are found which were decided when affidavit and information were required. It was then held that one who was prosecuted and convicted on an affidavit before a justice of the peace could be tried on appeal on that affidavit without an information. *Pratt*

v. *State* (1856), 7 Ind. 625; *Wachstetter* v. *State* (1873), 42 Ind. 166; *Hosea* v. *State* (1874), 47 Ind. 180. Judgment affirmed.