ASHBAUCHER v. PRICE.

[No. 11,952.  Filed December 11, 1924.  Rehearing denied March 18, 1925.  Transfer denied November 6, 1925.]

1. CONTRACTS.—*Statute regulating subject of contract presumed to enter into and become part of contract.*—A statute regulating a particular matter, the subject of a contract, is presumed to enter into and become a part of a contract regarding such subject-matter unless the statute and the contract are in irreconcilable conflict.  p. 606.

2. STATUTES.—*Statute in derogation of common law must be strictly construed.*—A statute in derogation of the common law must be strictly construed.  p. 607.

Ashbaucher *v.* Price—83 Ind. App. 604.

3. CRIMINAL LAW.—*Statute regulating issuance of "trading, stamps" must be strictly construed.*—The statute regulating the issuance of "trading stamps," being a criminal statute, must be strictly construed. p. 607.

4. SALES.—*Sale contract of merchandise which included "trading stamps" to be issued by purchaser to his customers not void as contemplating violation of "Trading Stamp Act."*—A sale of merchandise to a merchant doing business in this state which included a supply of "trading stamps" to be issued by the purchaser to his customers, but which did not have "the redeemable value thereof in money of the United States" printed or written on the face thereof as required by §1 of the Trading Stamp Act of 1913 (Acts 1921 p. 256, §12228 Burns 1926, §10463a Burns' Supp. 1921), was not void, as the purchaser could have stamped the redeemable value thereon before issuing them. p. 608.

From Wells Circuit Court; *Frank W. Gordon,* Judge.

Action by Milbert F. Price against Arnold. D. Ashbaucher. From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the court in banc.

*Martin W. Walbert* and *George Mock,* for appellant. *Eichhorn & Edris,* for appellee.

ENLOE, J.—This action was brought by the appellee to recover the purchase price of certain merchandise. The appellee, under the name and style of "Donald-Richard Company," was engaged in business at Iowa City, Iowa, and by and through an agent, on October 15, 1921, by written contract of that date, sold to the appellant certain articles of merchandise to the amount of $182.84, to be delivered to appellant, F. O. B. at factory of appellee, Iowa City, Iowa. The said merchandise was delivered to carrier according to contract, but the purchaser refused to accept and pay for the same.

To the complaint, in one paragraph, appellant demurred for want of facts, the specific ground being that said contract was void as being in violation of acts of 1921, §12228 Burns 1926, §10463a *et seq.* Burns' Supp. 1921.) This demurrer was overruled, after which the

appellant answered, first by general denial, and by four affirmative paragraphs, each presenting the same question presented by his demurrer. A demurrer to these paragraphs was sustained, after which an amended fourth paragraph was filed and a reply thereto closed the issues which were submitted to a jury for trial and resulted in a verdict for appellee. The errors assigned challenge the action of the court as to the rulings noted and also in overruling motion for a new trial.

It is elementary that where there is a statute regulating a particular matter, and parties enter into a contract relating to or involving such matter so 1. regulated by statute, such statute is presumed to enter into and become a part of their said contract, as to the performance thereof, unless such statute and such contract are in irreconcilable conflict, unless the performance of said contract, as made, *necessarily* involves a violation of the statute; therefore, the only question we need to decide in this case is: Did the contract in question *necessarily* involve a violation of said act of 1921, *supra?*

The contract in question provided, among other things, that the seller would, at the end of two years, buy back any goods so sold, then remaining in the hands of such purchaser, provided the purchaser had used, in trying to sell such goods, the advertising scheme furnished to him by such seller. This scheme provided that the appellee should furnish to the appellant "premium catalogues" and a number of "Art Pictures," described in said catalogues, which were to be given to persons who became purchasers of the merchandise so sold by said appellee to appellant. The said advertising plan provided that the merchant should give to each cash purchaser of such merchandise a "coupon" or "coupons" to the amount of the purchase so made, and that the coupons so issued should be received, at face,

in payment of one-half the purchase price of any of said "Art Pictures," the purchaser paying the other half of such price in cash.

By §1 of the above entitled act, (§12228 Burns 1926, §10463a Burns' Supp. 1921) it was made a misdemeanor for any tradesman to issue such trading stamps to any customer unless the stamp or stamps so issued had "legibly printed or written on the face thereof the redeemable value thereof in lawful money of the United States." The second section of said act (§12229 Burns 1926, §10463b Burns 1914) made it obligatory upon the person who should so issue such "stamp" or "stamps" to redeem them when presented in cash, provided they were presented in quantities fixed by said section of the statute. By §3 of said act, (§12230 Burns 1926, §10463c Burns 1914) the holder of such stamps, so issued, was, upon refusal of the person "engaged in any trade business, or profession" who issued such stamp or stamps, given a right of action against the person so issuing the same. By §4 of said act, (§12231 Burns 1926, §10463d Burns 1914) the *cash* redeemable value of stamps so issued, was made also their cash value, at the option of the holder, in payment of any article of merchandise. By §5 of said act, (§12232 Burns 1926, §10463f Burns 1914) the violation of the act was made a misdemeanor.

The above act, being in derogation of the common law, and also being a criminal statute, must be strictly con-

2, 3. strued; crimes are not created by construction; the act complained of must be not only within the letter but within the spirit of the legislative act. *State* v. *Lowry* (1906), 166 Ind. 372, 4 L. R. A. (N. S.) 528, 9 Ann. Cas. 350; *State* v. *Squibb* (1908), 170 Ind. 488; *Groff* v. *State* (1908), 171 Ind. 547, 17 Ann. Cas. 133; *Western Union Tel. Co.* v. *Axtel* (1908), 69 Ind. 199.

Suppose that the appellant herein had, upon receipt of said merchandise, premiums and coupons, procured a rubber stamp, with the appropriate figures, and 4. had, by using said rubber stamp, clearly imprinted upon and across the face of each of said coupons or trading stamps, its "redeemable value in money," and had thereafter issued such stamps to some customer, would it be contended for a moment that he was guilty of violating the above act? We find nothing in the said act which would require such a construction. On the other hand, we think that the merchant so stamping said coupon as aforesaid had fully complied with the law. The appellee, when he sold the said goods, had a right to presume that said coupons, if, and when issued, would be issued within the law, and not in violation of it. Upon this record, it does not appear that said contract was void as necessarily involving a violation of law, and the judgment herein must be and is affirmed.