BASSON *v.* STATE OF INDIANA.

[No. 25,862.   Filed November 2, 1933.]

*Alonzo R. Feemster* and *Allison M. Feemster*, for appellant.

*James M. Ogden*, Attorney-General, and *Merl M. Wall*, Deputy Attorney-General, for the State.

ROLL, J.—This is a criminal action, commenced by an affidavit filed in the Wayne Circuit Court, charging appellant with driving an automobile upon and along a public highway, in Wayne county, Indiana, while under the influence of intoxicating liquor, in violation of §40, Acts 1925, p. 570, as amended by Acts 1927, p. 562, §10141, Burns Supp. 1929 (§11170, Baldwin's 1934).

Appellant entered a plea of not guilty, and there was a trial by the court, and a finding and judgment of guilty. Appellant filed his motion for a new trial and assigned as reasons therefor, (1) that the finding of the court is not sustained by sufficient evidence, and (2) that the finding of the court is contrary to law. The court overruled the motion for a new trial, which action is assigned as the first error on this appeal. Appellant's second assignment is that the Wayne Circuit Court had no jurisdiction of the offense charged; and the third assignment is, that the Wayne Circuit Court did not have jurisdiction of the subject matter hereof.

As appellant, in his brief, discusses his second and third assignments of error first, viz, that the Wayne

Circuit Court had no jurisdiction of the offense charged, or the subject matter of said cause, we will do likewise. Appellant contends that under §11011, Burns Ann. Stat. 1926 (§11587, Baldwin's Ind. Ann. Stat. 1934), the city judge of Richmond had exclusive jurisdiction to try appellant for the crime charged in the affidavit. Appellant in his brief quotes a portion of said §11011, but in our judgment fails to quote that part of the statute which is of decisive importance in interpreting this statute. That part of the statute here involved reads as follows: "He (meaning city judge) shall have and exercise, within the county in which such city is located, the powers and jurisdiction now or hereafter conferred upon justices of the peace in all cases of crime and misdemeanors, except as otherwise herein provided. He shall have exclusive jurisdiction of all violations of the ordinances of such city. In all cities of the first and second and third classes, he shall have exclusive jurisdiction of the trial of all misdemeanors constituting violation of highway traffic ordinances of such city, and of violation of the highway traffic laws of the state of Indiana." The first part of the above quoted statute gives the city judge the same jurisdiction that is given or may be given justices of the peace, except as therein provided, and then makes the exceptions, one of which is that the city judge shall have exclusive jurisdiction of the trial of all misdemeanors constituting violation of highway traffic laws of the state of Indiana. This, we think, means exclusive jurisdiction as against the justice of the peace court, and not as against the circuit courts. We do not believe it was intended by the lawmakers, by this statute, to take away any of the jurisdiction the circuit, superior, or criminal courts of this state possessed at the time this act was passed. The statute is subject to no other reasonable construction. *State* v. *Jones* (1882), 73 Me.

280.   In our judgment the Wayne Circuit Court had jurisdiction of the offense charged and the subject matter of said cause.

Appellant says that he should have been granted a new trial, under the specification that the finding of the court is contrary to law, for the reason that §40, Acts 1927, p. 562, §10141, Burns Supp. 1929, under which this prosecution was had is unconstitutional.   That it violates §20, Article 4, and also §13, Article 1, of the Indiana Constitution.   Section 20 of Article 4 provides that, "Every act and joint resolution shall be plainly worded, avoiding, as far as possible, the use of technical terms."   Appellant has not pointed out any specific violations of this provision of the constitution and we are unable to discover any.   Section 13 of Article 1, among other things, provides that the accused shall have the right "to demand the nature and cause of the accusation against him."   Appellant contends that the defendant was denied this right as the crime with which he was charged is not defined in direct and unmistakable terms as the constitution requires. Appellant points out no specific objections to the wording of the statute.   No technical terms are used anywhere in this statute, and we can see no constitutional objection thereto.

Appellant's fifth point is directed to the proposition that there was no evidence to show that appellant was under the influence of intoxicating liquor.   The record discloses that at least three persons testified at the trial that they saw and talked to appellant at the time and place charged in the affidavit; that they observed his manner, appearance, and conduct, and that they detected a strong odor of intoxicating liquor on his breath.   Whether appellant was under the influence of intoxicating liquor or not, at the time and place charged was a question of fact for the court or jury.

*Klazer* v. *State* (1929), 89 Ind. App. 561, 166 N. E. 21. This court will not disturb the finding of the lower court where there is substantial evidence of the essential element of the crime charged. We have read all the evidence in the record and in our judgment the evidence is sufficient to sustain the finding of the lower court.

We have examined all the alleged errors presented by appellant and find no reversible error. Judgment affirmed.