ROGERS *v.* STATE OF INDIANA.

[No. 26,867. Filed October 26, 1937.]

*Orph M. Hall*, for appellant.

*Omer S. Jackson*, Attorney-General, and *Glen L. Steckley*, Deputy Attorney-General, for the State.

FANSLER, C. J.—This is a prosecution by affidavit in two counts charging appellant with involuntary manslaughter. One of the errors assigned questions the rul-

ing of the court in sustaining the demurrer to appellant's plea in abatement. We need not consider whether the demurrer was in proper form.

It appears without controversy that appellant was indicted on October 6, 1936; that on October 14, 1936, the affidavit upon which he was prosecuted was filed, and that it charged the identical offense charged in the indictment. The indictment for the same offense was then pending. On October 15th the indictment was quashed. The plea in abatement was filed on October 23rd.

Without authority of statute, the prosecution could not be by affidavit. The statute provides: "All public offenses, except treason and murder, may be prosecuted in the circuit or criminal court, by affidavit filed in term time, in all cases except when a prosecution by indictment or affidavit for the same offense is pending *at the time of the filing of such affidavit*." (Italics supplied.) Section 9-908 Burns' Ann. St. 1933. The state contends that the plea in abatement was bad because it did not allege that the indictment was pending at the time the plea in abatement was filed. But this is not the test, as clearly indicated by the italicized words of the statute. The state depends upon certain civil cases in which it is held that the cause of abatement must exist at the time the answer in abatement is filed. But the reasoning in those cases is not applicable to a situation in which the legislature, having power so to do, has fixed the condition under which the prosecution may proceed. It is also suggested by the state that the affidavit was amended after the indictment was disposed of. But it was the same affidavit, changed only by interlineation, and if an amended affidavit had been filed it would have been merely a substitute for the original.

The language of the statute is clear and unambiguous. The affidavit was filed while an indictment was

pending for the same offense. The statute forbids the prosecution of the offense under such an affidavit. It is clear therefore that the ruling on the demurrer to the plea in abatement was erroneous.

Judgment reversed, with instructions to set aside all of the proceedings subsequent to the ruling upon the demurrer to the plea in abatement, and to overrule the demurrer, and for further proceedings not inconsistent herewith.