STATE EX REL. SPURLOCK *v.* REEVES, JUDGE.

[No. 28,608.   Filed September 27, 1949.]

596

*Lockyear & Lopp,* of Evansville, for relatrix.

*R. Owen Williams,* of Evansville, for respondent.

JASPER, J.—This is an original action brought by the relatrix against the Judge of the Circuit Court of Vanderburgh County for a writ of mandate and a writ of prohibition, requesting that an order issue commanding the respondent to discharge the relatrix from custody, detention, hearing, and inquisition, and that an alternative writ of prohibition issue prohibiting the respondent from further proceeding in the cause pending in the Vanderburgh Circuit Court.

The petition alleges that the relatrix is charged with the crime of first degree murder by affidavit filed in the Vanderburgh Circuit Court; that, pursuant to said affidavit being filed, the relatrix was later arrested and brought before the respondent; that said respondent conducted a preliminary hearing, and, on the 30th day of August, 1949, ordered the relatrix held for investigation by the grand jury of the Vanderburgh Circuit Court, and without bond.

The relatrix challenges the jurisdiction of the Vanderburgh Circuit Court in conducting a preliminary hearing on the affidavit filed for the crime of murder in the first degree.

The petition of the relatrix fails to comply with Rule 2-35 of this court. However, this was cured by the respondent's return, setting out the certified copies of all pleadings, orders, and entries pertaining to the subject-matter, and therefore this action is being decided upon its merits.

The respondent in his return contends that he by virtue of his office as Judge is vested with authority to act as a magistrate in conducting a preliminary hearing.

The relatrix properly questions the jurisdiction of the respondent to conduct a preliminary hearing. Since the criminal procedure of this state is statutory, we must look to legislative enactment for those who may properly conduct a preliminary hearing. *West* v. *State* (1904), 32 Ind. App. 161, 165, 69 N. E. 465. Under § 9-701, Burns' 1942 Replacement, the right to conduct preliminary hearings is specifically vested in the magistrates of this state. The term "magistrate" is defined in § 9-704, Burns' 1942 Replacement, as follows:

"The term 'magistrate' as herein used shall be construed to include and mean any justice of the peace, city judge or mayor acting as city judge."

It is noted that the Legislature, by the above enactment, followed the words "to include" with the words "and mean," and thereby confined the preliminary hearing to justices of the peace, city judges or mayors acting as city judges. The language became exclusive rather than inclusive. *Department of Treasurey* v. *Muessel* (1941), 218 Ind. 250, 256, 32 N. E. 2d 596. Circuit court

judges are therefore not included in the definition of a magistrate, and have no jurisdiction to conduct a preliminary hearing. The respondent was without his jurisdiction in conducting a preliminary hearing.

The affidavit under which the relatrix is being held charges the crime of first degree murder, and is a nullity. *Pease* v. *State* (1921), 74 Ind. App. 572, 576; 129 N. E. 337. The legislature of this state has set out what crimes may be charged by affidavit, and, in § 9-908, Burns' 1942 Replacement, it is provided that:

"All public offenses, except treason and murder, may be prosecuted in the circuit or criminal court, by affidavit filed in term time, in all cases except when a prosecution by indictment or affidavit for the same offense is pending at the time of the filing of such affidavit. And such affidavit may be filed in vacation time as in term time, but only with the approval of the judge of such court, who may arraign and admit to bail as in term time, or may receive a plea of guilty and proceed forthwith as in term time."

This section specifically excepts the crime of murder from being filed by affidavit, and is jurisdictional. *Pease* v. *State, supra; Hoover* v. *State* (1887), 110 Ind. 349, 11 N. E. 434; *Rogers* v. *State* (1937), 212 Ind. 593, 594, 10 N. E. 2d 730; *State* v. *Boswell* (1886), 104 Ind. 541, 4 N. E. 675.

The alleged crime with which relatrix is charged can only be prosecuted by indictment. Therefore the respondent's jurisdiction has not been properly invoked.

By proper criminal procedure the relatrix can be held to answer the above crime, and this court will not mandate the relatrix to be discharged from custody, detention, hearing, and inquisition.

The court having reached the above conclusions, the request that the respondent be ordered to release relatrix

is denied; respondent is ordered to expunge from the record of said court the said affidavit and all orders relating thereto made subsequent to its being filed; and the writ of prohibition heretofore granted is now by this court made permanent.

NOTE.—Reported in 87 N. E. 2d 725.