STEARN *v.* STATE OF INDIANA.

[No. 28,805.   Filed October 17, 1951.]

*Theodore Lockyear, James D. Lopp* and *Loren Kiely,* all of Evansville, for appellant.

*J.* *Emmett McManamon,* Attorney General; *John Ready O'Connor* and *George W. Hand,* Deputy Attorneys General, for appellee.

DRAPER, C. J.—This a criminal prosecution commenced by an affidavit filed in the Vanderburgh Circuit Court, which charges the appellant with driving a vehicle while under the influence of intoxicating liquor, in violation of the provisions of Burns' 1940 Replacement, §47-2001 (b).

Appellant's motion to quash the affidavit was overruled. He entered a plea of not guilty, waived trial by jury, and was tried by the court. He was found guilty

as charged and the final order of the court, which we construe as being the judgment of the court, was thereupon entered. It reads as follows:

"IT IS BY THE COURT THEREFORE ordered that the defendant for the offense by him so committed that he do make his fine unto the State of Indiana in the penal sum of One Hundred ($100.00) Dollars and that he be committed to the Indiana State Farm for a period of four (4) months, and that his driver's license be revoked for a period of one (1) year, and that he pay and satisfy the fine and costs herein or stand committed until said fine and costs are paid or stayed."

The appellant first asserts that the Vanderburgh Circuit Court did not have jurisdiction of the offense charged in the affidavit, it being his position that the City Court of the City of Evansville, in Vanderburgh County, Indiana, had exclusive jurisdiction thereof by virtue of the provisions of Burns' 1946 Replacement, §4-2402.

The appellant admits the question was decided adversely to his contention in *Basson* v. *State of Indiana* (1933), 205 Ind. 532, 187 N. E. 344, but he insists that case was erroneously decided. No authority or persuasive reason is suggested for overruling it. We think the case was correctly decided and we adhere to the ruling therein made.

The appellant challenges that portion of the judgment which orders "that his driver's license be revoked for a period of one (1) year," it being his contention that the court was without power to impose such a sentence, since the trial court is only given the power to *recommend* the suspension of a driver's license, and the power to make the revocation (suspension) is lodged in a different official. See Burns' 1940 Replacement (1949 Supp.), §47-1052(a). The

appellant has cited no authorities in support of this contention, or even touching on this subject. Under Rule 2-17(f) it is deemed to be waived.

Judgment affirmed.

NOTE.—Reported in 101 N. E. 2d 67.