STATE EX REL. POINDEXTER *v.* REEVES, JUDGE, ET AL.

[No. 28,871. Filed April 1, 1952. Rehearing denied
May 29, 1952.]

646

*Theodore Lockyear,* of Evansville, for relator.

*Paul B. Wever,* Prosecuting Attorney, First Judicial Circuit of Indiana, for respondents.

DRAPER, J.—On October 13, 1951, an affidavit was filed in the City Court of the City of Evansville charging Ollie E. Poindexter, the relator here, with the offense of driving a motor vehicle while under the influence of intoxicating liquor. On October 16, 1951, he was arraigned and entered a plea of not guilty. He demanded trial by jury and the cause was continued to a later date for trial.

On October 24, 1951, and while the affidavit filed in the City Court was still pending, an affidavit charging him with the same offense was filed in the Vanderburgh Circuit Court. On October 29, 1951, he appeared specially in the Circuit Court and filed a plea in abatement, to which the state filed answer on December 27, 1951. On January 5, 1952, evidence was heard on the issues joined by the plea in abatement and answer thereto,

and on January 7, 1952, the plea in abatement was overruled.

The plea in abatement alleged that an affidavit charging Poindexter with the commission of the same offense was filed in the City Court on October 13, 1951, which was before the filing of the affidavit in the Circuit Court, and that the cause was still pending in the City Court. The State admitted the allegations of the plea except that it denied the cause was then still pending in the City Court. The evidence discloses that the proceeding in the City Court was dismissed on October 30, 1951, on motion of the State.

On January 15, 1952, the relator filed in this court his petition in which he asked us to mandate the respondent judge to expunge orders already made in said cause in the Circuit Court and to prohibit said judge from making any further orders therein. We issued a temporary writ of prohibition.

To summarize the factual situation, it appears that the affidavit charging the offense was first filed in the City Court. When the defendant entered a plea of not guilty and demanded a trial by jury the cause was continued in the City Court and an affidavit charging the defendant with the same offense was filed in the Circuit Court. The affidavit was still pending in the City Court when the plea in abatement was filed in the Circuit Court. The prosecution in the City Court was dismissed after the plea in abatement was filed, but before it was ruled upon (overruled).

The offense charged in the affidavits above mentioned is defined by Burns' 1940 Replacement, §47-2001 (b).[1]

---

[1] "Any person who drives a vehicle while such person is under the influence of intoxicating liquor or of narcotic drugs shall be guilty of a criminal offense. Upon a first conviction, such person shall be punished by a fine of not less than ten

The statute provides more severe penalties for second or subsequent convictions. The affidavit in question did not allege a second or subsequent conviction however, so that the penalty which might be inflicted for the offense charged was a fine of not more than $100 or imprisonment for not more than six months or both.

Evansville is a city of the second class. The City Court of said city is given concurrent jurisdiction with the Circuit Court in all cases of violations of the laws of the State where the penalty provided therefor cannot exceed a fine of $500 and imprisonment not exceeding six months, or either or both. Burns' 1946 Replacement (1951 Supp.), §4-2402. The City Court, therefore, had full authority to finally dispose of the charge filed in said court, subject to the defendant's statutory right to appeal.

Circuit courts are courts of original, exclusive jurisdiction in all cases at law and in equity, and in criminal cases and actions for divorce except where exclusive or concurrent jurisdiction is or may be otherwise conferred. Burns' 1946 Replacement, §4-303. In earlier cases it was asserted that City courts have exclusive jurisdiction of the offense charged in these affidavits and that circuit courts do not have jurisdiction thereof. It has been settled, however, that circuit courts do have jurisdiction of the offense charged. *Basson* v. *State* (1933), 205 Ind. 532, 187 N. E. 344; *Stearn* v. *State* (1951), 230 Ind. 17, 101 N. E. 2d 67.

It has been held in Indiana from the earliest times and it is held generally, that the pendency of a criminal

dollars ($10.00) nor more than one hundred dollars ($100), or by imprisonment in the county jail or state farm for a determinate period of not less than ten (10) days nor more than six (6) months, or by both such fine and imprisonment. . . ."

action against a defendant, for the same offense, in another court, where jeopardy has not attached, is not available to defeat a prosecution in a court of competent jurisdiction. It constitutes no ground for abatement. *Dutton* v. *The State* (1854), 5 Ind. 533; *Hardin* v. *The State* (1864), 22 Ind. 347; *Peters* v. *Koepke* (1901), 156 Ind. 35, 59 N. E. 33; *Headlee* v. *State* (1930), 201 Ind. 545, 168 N. E. 692, 170 N. E. 433; 22 C. J. S., Criminal Law, §427b(3), p. 664; L. R. A. 1918A, p. 38.

It would seem, therefore, that if the Vanderburgh Circuit Court did not acquire jurisdiction of the cause by the filing of the affidavit in that court, it must be because of Burns' 1942 Replacement, §9-908, which reads as follows:

"All public offenses, except treason and murder, may be prosecuted in the circuit or criminal court, by affidavit filed in term time, in all cases except when a prosecution by indictment or affidavit for the same offense is pending at the time of the filing of such affidavit. And such affidavit may be filed in vacation time as in term time, but only with the approval of the judge of such court, who may arraign and admit to bail as in term time, or may receive a plea of guilty and proceed forthwith as in term time. (Acts 1905, ch. 169, §118, p. 584; 1927, ch. 132, §4, p. 411)."[2]

The statute would seem to foreclose the state's right to file this charge in the Circuit Court while the affidavit charging the same offense was pending in the City Court, unless the statute has reference only to indict-

---

[2] This statute superseded §§1747, 1748, Burns' Rev. Stat. 1901, providing for prosecution by affidavit and information. Prosecution by affidavit is substituted for the information provided by the old code. *Cole* v. *State* (1907), 169 Ind. 393, 82 N. E. 796.

ments or affidavits pending in the Circuit Court at the time of the new filing.

In *Rogers* v. *State* (1937), 212 Ind. 593, 10 N. E. 2d 730, an affidavit was filed in the Vigo Circuit Court charging the defendant with involuntary manslaughter. When the affidavit was filed an indictment charging the defendant with the same offense was pending in the same court. The indictment was quashed and later a plea in abatement, addressed to the affidavit, was filed. The opinion quotes the statute—says it is unambiguous —and holds that the demurrer to the plea in abatement' should have been overruled. It should be noted that the affidavit in that case was filed in the court in which the indictment was pending.

*Alstott* v. *State* (1933), 205 Ind. 92, 185 N. E. 896, was another case involving charges filed in the same court. The defendant had been indicted for rape. The indictment was dismissed the same day that the affidavit, upon which the defendant was prosecuted, was filed, although the affidavit had been sworn to two days before the affidavit was filed. It was held that, in the absence of an affirmative showing to the contrary, it would be presumed that the prosecution by affidavit was proper.

In the earlier case of *Hall* v. *State* (1912), 178 Ind. 448, 99 N. E. 732, the defendant was convicted in the Circuit Court on an affidavit charging him with perjury. A plea in abatement had been filed and a demurrer thereto sustained, and that action of the trial court was assigned as error. The plea asserted that after the affidavit was filed the grand jury convened, and was in session 10 days, and failed to indict the defendant; and that while the grand jury was in session the defendant was under arrest on an affidavit filed before the Mayor of Vincennes, on the identical charge, and was released

on bond for his appearance before the Mayor for a preliminary hearing. The court said "An indictment pending for the same offense in another court constitutes no ground for the abatement of a criminal action, even where such other court has jurisdiction to determine the cause." The affidavit appears to have been pending before the Mayor when the affidavit in the Circuit Court was filed. Although only indirect reference to the section under consideration was made, this court did hold that the pendency of the charge before the Mayor at the time the affidavit was filed in the Circuit Court would not deprive the Circuit Court of jurisdiction.

In *Lee* v. *State* (1922), 192 Ind. 13, 134 N. E. 866, the defendant was convicted in the City Court of Muncie of a violation of the liquor laws. He appealed to the Circuit Court and was again convicted. In the Circuit Court he pleaded in abatement that the grand jury was in session when the affidavit was filed in the City Court. A demurrer to the plea was sustained. The defendant relied upon Acts 1905, ch. 169, §118, which, before amendment in 1927, read as follows:

"All public offenses, except treason and murder, may be prosecuted in the circuit or criminal court, by affidavit filed in term time, in all cases except when the grand jury is in session or a prosecution by indictment or affidavit for the same offense is pending at the time of the filing of such affidavit."

The court there held that the statute must be confined to cases filed in the circuit and criminal courts, which have power to call and empanel grand juries.

Sec. 118 of the Act, now under consideration, which authorizes prosecution of offenses in the circuit or criminal court by affidavit filed therein, was followed by §119, the present Burns' 1942 Replacement, §9-909, which, among other things, requires the prosecuting at-

torney to endorse his approval upon an affidavit, "(w)hen any *such* affidavit has been made, *as provided in the last section."* (emphasis supplied) In *Parish* v. *State* (1923), 194 Ind. 44, 141 N. E. 786, the defendant was charged in the city court with keeping a house of ill-fame. From a judgment of conviction she appealed to the circuit court where she moved to quash the affidavit on the ground that the prosecutor had failed to endorse his approval on the affidavit. No new affidavit was filed in the circuit court. The court calls attention to the fact that the prosecuting attorney was nowhere expressly required to endorse his approval on affidavits filed in the city court, although such approval was required when affidavits were filed in the circuit or criminal court. In holding that the approval of the prosecuting attorney need not be endorsed on affidavits filed in the city court, the court indicates that §118 refers only to affidavits filed in the circuit or criminal courts.

For at least 35 years, and perhaps longer, the common usage and practice in this state has been to file criminal prosecutions in circuit and criminal courts under circumstances like those here. The practical necessity for so doing, particularly in the larger centers of population, is so apparent as to make explanation unnecessary. The statute has thus received a practical construction by the bench and bar of this state which, so far as we know, has been universal, and which has not to our knowledge ever been questioned. Such a construction is not conclusively binding upon the courts, but it should be disregarded only for the most cogent reasons, 59 C. J., Statutes, §608; 50 Am. Jur., Statutes, §§319, 320; *State, ex rel.* v. *Billheimer* (1912), 178 Ind. 83, 96 N. E. 801. "(A code of criminal procedure) is not a penal statute, and it must be construed in a liberal spirit, in order to effectu-

ate its purpose to systematize and co-ordinate the practice and proceedings in criminal actions." *People* v. *Bailey* (1918), 171 N. Y. S. 394.

The far reaching consequences of a different construction are alike apparent and undesirable. The language of the statute does not compel it. We think the construction heretofore placed upon the statute by this court and by the profession generally is right, and we adhere to it. We hold that under the section of the statute now under consideration cases (except treason and murder) may be prosecuted in the circuit or criminal courts, except when a prosecution by indictment or affidavit for the same offense is pending in such courts at the time of the filing of a new affidavit.

In passing it might be well to say that two courts may have jurisdiction of the same class of cases, and may acquire jurisdiction of the same person, and where one of the two first acquires jurisdiction of the subject matter and person in a particular case the jurisdiction becomes exclusive insofar as interference therewith by the other court is concerned. The encroachment by one on the jurisdiction of the other is within the legal scope of a writ of prohibition. *State ex rel. Ferger* v. *Circuit Ct.* (1949), 227 Ind. 212, 84 N. E. 2d 585; *State ex rel. Kunkel* v. *LaPorte Circuit Court* (1936), 209 Ind. 682, 200 N. E. 614; *State ex rel.* v. *Madison Circuit Court* (1923), 193 Ind. 20, 138 N. E. 762. But here the city court has voluntarily relinquished jurisdiction, and no contest as to jurisdiction exists between the two courts.

The relator asserts that the cause was filed in the circuit court for the purpose of denying him a trial by jury in the city court, and he says the Constitution of Indiana, by Art. 1, §13 guarantees to him a jury trial in the city court. Art. 1, §13, reads as follows:

"In all criminal prosecutions, the accused shall have the right to a public trial, by an impartial jury, in the county in which the offense shall have been committed; to be heard by himself and counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face, and to have compulsory process for obtaining witnesses in his favor."

The relator has not been and cannot be denied a trial by jury. Such must be accorded to him in the county in which the offense, if any, was committed when he is put on trial for the offense charged.

Temporary writ of prohibition dissolved and permanent writ denied.

Gilkison, C. J., dissents.

## DISSENTING OPINION

GILKISON, C. J.—In Indiana the legislature has authorized instituting prosecutions by affidavit except the offenses of treason and murder. The statute granting this authority is as follows:

"All public offenses, except treason and murder, may be prosecuted in the circuit or criminal court, by affidavit filed in term time, in all cases except when a prosecution by indictment or affidavit for the same offense is pending at the time of the filing of such affidavit.

"And such affidavit may be filed in vacation time as in term time, but only with the approval of the judge of such court, who may arraign and admit to bail as in term time, or may receive a plea of guilty and proceed forthwith as in term time."

This statute was enacted originally in 1905, Acts 1905, Ch. 169, §118, p. 584, 611. It was amended by

Acts 1927, Ch. 132, §4, p. 411, 415, but only with respect to filing the affidavit in vacation, and being the last sentence in the statute as quoted above. Prior to the enactment of this statute all prosecutions were required to be by grand jury indictment or by information as provided for by the common law and the state and national constitutions. Art. 1, §13, Indiana Constitution, 5th Amendment United States Constitution. This statute being criminal, and in derogation of the common law as consistently followed in Indiana from 1816 until the date of its enactment, must be strictly construed in favor of the defendant and against the state. *State* v. *Lowry and Lewis* v. *State* (1906), 166 Ind. 372, 393 to 397 inclusive, 77 N. E. 728, 4 L. R. A. (N. S.) 528, 9 Anno. Cas. 350; *Hammell* v. *State* (1926), 198 Ind. 45, 52, 152 N. E. 161; *Ashbaucher* v. *Price* (1924), 83 Ind. App. 604, 607, 145 N. E. 775; *State* v. *Squibb* (1908), 170 Ind. 488, 491, 492, 84 N. E. 969; *Pontarelli* v. *State* (1931), 203 Ind. 146, 171, 176 N. E. 696; *Kelley* v. *State* (1933), 204 Ind. 612, 630, 185 N. E. 453.

If there is any doubt as to whether the statute in question will permit an affidavit charging a crime or misdemeanor to be filed in the circuit court when the same charge is pending in the city court (a court with full jurisdiction to hear and determine the case here involved) that doubt must be resolved against the state. This court has reiterated additional controlling law as follows:

> " 'Another fact to be considered is that the statute, which, as a penal enactment, cannot receive an equitable construction, is subject to be limited, so far as the meaning of its words are in doubt, by the fact that it is in derogation of the common law. "The general rule in exposition of all acts of parliament is this, that in all doubtful matters, and where the expression is in general

terms, they (the words) are to receive such a construction as may be agreeable to the rules of the common law, in cases of that nature; for statutes are not presumed to make any alteration in the common law, further or otherwise than the act does expressly declare." ' *State* v. *Lowry* (1905) and *Lewis* v. *State* (1905), 166 Ind. 372, 77 N. E. 728."

*Kelley* v. *State* (1933), 204 Ind. 612, 630, *supra; Chicago, etc., R. Co.* v. *Luddington* (1910), 175 Ind. 35, 42, 91 N. E. 939; *City of Indianapolis* v. *Indianapolis Water Co.* (1916), 185 Ind. 277, 288, 113 N. E. 369. See also: 50 Am. Jur. Statutes, §§402, 403, pp. 425 to 428. 59 C. J. Statutes, §617, p. 1039.

The statute before us in this case (§9-908, Burns' 1942 Replacement) is not doubtful in any sense. There is nothing in it requiring a judicial construction, and if there were, since it is a criminal procedure statute, and in derogation of the common law we cannot give it an equitable construction either to put something in it the legislature left out, or to take something out of it the legislature put in. *State* v. *Lowry and Lewis* v. *State, supra.* The exception contained in the statute as follows: "except when a prosecution by indictment or affidavit for the same offense *is pending at the time of the filing of such affidavit,*" (my italics) must be given full force and effect. *Rogers* v. *State* (1937), 212 Ind. 593, 594, 10 N. E. 2d 730. If this exception is given full force and effect the prosecution of the charge by affidavit in respondent's court cannot be pursued further, because the respondent judge is without jurisdiction to entertain the case. *State ex rel. Spurlock* v. *Reeves* (1949), 227 Ind. 595, 597, 87 N. E. 2d 725. It is an accepted fact in this case that when the affidavit was filed in respondent court on October 24, 1951, a prosecution for the same offense was pending in the

city court of Evansville where it was filed by the state on October 13, 1951. It remained on file in the city court at least until October 30, 1951, and a serious question is presented whether it is not still pending in that court. However, the statutory exception noted prohibits the filing of an affidavit "when a prosecution by indictment or affidavit for the same offense *is pending at the time of the filing of such affidavit.*" (My italics). The affidavit in respondent's court in the case at bar comes squarely and unequivocally within the statutory exception noted. Respondents are without jurisdiction to act in the matter, and a permanent writ of prohibition should issue.

Dismissal of the prosecution in the city court after the filing of the affidavit in respondent's court (if that has been done) would not and could not have the effect of then enduing respondents with jurisdiction in the pending case. That jurisdiction is specifically denied them by the exception contained in the very statute that authorizes the prosecution by affidavit. The jurisdiction to entertain a prosecution by affidavit always has been limited by this exception. The majority opinion in substance destroys the exception, as though it were within the power of the court to repeal part of a legislative act that is in all things constitutional. This action is in direct conflict with the controlling rule announced by the United States Supreme Court and fully adopted by our court as follows:

"The fact must be remembered that the statute we are called on to construe is a criminal statute, and that the rule applicable to such statutes is that of strict construction; that is, the case must be within the spirit as well as the letter, of the statute. This rule, said Chief Justice Marshall, in *United States* v. *Wiltberger* (1820), 5 Wheat. *76, *95, 5 L. Ed. 37 'is founded on the tenderness of the law for the rights of individuals; and on

the plain principle, that *the power of punishment is vested in the legislative, not in the judicial department. It is the legislature, not the court, which is to define a crime and ordain its punishment.'* Mr. Endlich states that the rule of strict construction 'requires that the language shall be so construed that no cases shall be held to fall within it which do not fall both within the reasonable meaning of its terms and within the spirit and scope of the enactment. To determine that a case is within the intention of a statute, its language must authorize the court to say so; but it is not admissible to carry the principle that a case which is within the mischief of a statute is within its provisions, so far as to punish a crime not specified in the statute, because it is of equal atrocity or of a kindred character with those which are enumerated. In this characteristic, the difference between liberal and strict constructions is clearly presented. Whilst the letter of a remedial statute may be extended to cases clearly within the same reason and within the mischief the act was designed to cure, unless such construction does violence to the language, a consideration of the old law, the mischief and the remedy, though proper in the construction of criminal as well as other statutes, is not in itself enough to bring a case within the operation of the former class of statutes; their language, properly given its full meaning, must, at least by that meaning, expressly include the case; and in ascertaining that meaning the court cannot go beyond the plain meaning of the words and phraseology employed in search of an intention not certainly implied in them.' Endlich, Interp. of Stat., §329.''

*State* v. *Lowry and Lewis* v. *State* (1906), 166 Ind. 372, 393, *supra*.

So far as I can find when a statute in derogation of the common law is enacted, it always has been the rule that:

"It will be presumed that the legislature does not intend by a statute to make any change in the common law beyond what it declares either in ex-

press terms or by unmistakable implication. The construction of a statute will be such as to avoid any change in the prior laws beyond what is necessary to effect the specific purpose of the act in question. (Many authorities).

" '. . . When the common law and a statute differ, the common law gives place to the statute, only where the latter is couched in negative terms, or where its matter is so clearly repugnant that it necessarily implies a negative. 1 Blackstone's Comm. *89. It is a rule of exposition that statutes are to be construed in reference to the principles of the common law, for it is not to be presumed that the legislature intended to make any innovation upon the common law further than the case absolutely required. The law rather infers that the act did not intend to make any alteration other than what is specified, and besides what has been plainly pronounced, for if the parliament had had that design, it is naturally said they would have expressed it. Dwarris, Statutes 695.' "

*Chicago, etc., R. Co.* v. *Luddington* (1910), 175 Ind. 35, 42, 43, *supra.* (The last paragraph quoted being an approved quotation from *State* v. *Norton* (1850), 23 N. J. L. 33.)

The statute involved not only does not authorize the filing of a criminal charge by affidavit when a prosecution for the same offense is pending at the time in a court of competent jurisdiction but by the exception contained in the statute it expressly prohibits such filing.

We have a statute authorizing this court to issue writs of prohibition to confine certain inferior courts to their lawful jurisdiction. §3-2201, Burns' 1946 Replacement. The purpose of this statute and of prohibition is to protect parties from injury by the unwarranted usurpation of jurisdiction by courts, and also to protect the dignity of the sovereign state by preserving the integrity of its judicial system in prevent-

ing unseemly controversy and confusion between co-ordinate courts. This court has stated the law applicable to the situation before us, thus:

"... Two courts of concurrent jurisdiction may have jurisdiction of the same class of cases, and may acquire jurisdiction of the same person, but where one of the two first acquires jurisdiction of the subject-matter and person in a particular case, the jurisdiction becomes exclusive. '... the court having jurisdiction of the particular case in litigation, effectively segregates that case from the general class and excludes all other courts of like jurisdiction from assuming any authority in connection therewith. Proper and orderly administration of the laws compel these courts to thus observe the rights of each other, in order to prevent unseemly, expensive and dangerous conflicts of jurisdiction and of process.'"

*State ex rel. Kunkel* v. *LaPorte Circuit Court* (1936), 209 Ind. 682, 694, 200 N. E. 614; *State ex rel. Cook* v. *Circuit Court of Madison County et al.* (1923), 193 Ind. 20, 27, 138 N. E. 762.

" 'A court that proceeds in the trial of a cause against an express prohibition of a statute is exceeding its jurisdiction and may be prevented by prohibition from this court.' "

*State ex rel. Kunkel* v. *LaPorte Circuit Court, supra,* p. 694, quoting *Hayne* v. *Justice's Court* (1889), 82 Cal. 284, 285, 23 Pac. 125 and citing *Culver Contracting Corp.* v. *Humphrey, Supreme Court Justice* (1935), 268 N. Y. 26, 196 N. E. 627.

If there is any reason why the venue in the case involved in the two courts should be laid in the respondent court the law provides ample ways in which that may be done, but it must not be accomplished by an unlawful usurpation and a resulting conflict of jurisdiction.

The writ should issue permanently prohibiting the respondents from proceeding further in the case involved.

NOTE.—Reported in 104 N. E. 2d 735.