STEVENS *v*. STATE OF INDIANA.

[No. 28,789. Filed April 25, 1952.]

*Theodore Lockyear* and *Robert J. Hayes*, both of Evansville, for appellant.

*J. Emmett McManamon*, Attorney General; *William T. McClain* and *John Ready O'Connor*, Deputy Attorneys General, for appellee.

BOBBITT, J.—Appellant was prosecuted by affidavit in two counts charging him with second degree burglary under §10-701(b), Burns' 1942 Replacement, Acts 1941, ch. 148, §4, p. 447, and with being an habitual criminal under §9-2207, Burns' 1942 Replacement, Acts 1907, ch. 82, §1, p. 109. Trial was had by jury which returned a verdict finding appellant guilty of burglary in the second degree and that he was an habitual criminal. Judgment was thereupon rendered upon the verdict and appellant was sentenced to the Indiana State Prison for not less than two years nor more than five years upon the verdict finding him guilty of burglary in the second degree, and to life imprisonment in the Indiana State Prison upon the verdict finding him to be an habitual criminal.

One of the errors assigned questions the ruling of the trial court in sustaining a demurrer to appellant's plea in abatement. Appellee contends that the demurrer was properly sustained because the plea in abatement was filed after a motion to quash the affidavit had been filed and overruled and it was thus filed too late.

*First:* It is necessary to answer this question raised by appellee before considering the merits of the plea

in abatement since this would not be necessary if appellee is correct in its contention that said plea was filed too late.

> An answer in abatement must precede an answer in bar. *Moore* v. *State* (1927), 199 Ind. 578, 580, 159 N. E. 154.

However, a plea in bar, within the discretion of the court, in criminal as well as civil cases, may be withdrawn so that a plea in abatement may be filed. *Mack* v. *State* (1932), 203 Ind. 355, 365, 180 N. E. 279, 83 A. L. R. 1349; *Eshelman* v. *State* (1930), 201 Ind. 475, 478, 169 N. E. 861; Works' Ind. Practice, Lowe's Rev., Vol. 2, §29.10, p. 194.

Appellee relies upon *Tyler* v. *State* (1931), 202 Ind. 559, 177 N. E. 197, to support its contention. In that case a plea in abatement was filed after the defendant had appeared to the action, taken a change of venue from the judge, filed a motion to suppress the evidence and a motion to quash the affidavit. Under these circumstances this court there held that the plea in abatement came too late.

> It has also been held that a plea in abatement cannot be filed after a plea of not guilty has been entered. *Eshelman* v. *State, supra; Biddle* v. *State* (1927), 199 Ind. 284, 157 N. E. 280.

In the case at bar the plea in abatement was filed after the filing of a motion to quash but before any plea of not guilty was entered and before any other steps such as were taken in the Tyler case, were attempted.

The filing of pleas in abatement is regulated in Indiana by statute. Section 9-1201, Burns' 1942 Replacement; Acts 1927, ch. 132, §9, p. 411, provides:

> "If the motion to quash be overruled, the defendant shall be arraigned by the reading of the

indictment or affidavit to him by the clerk, unless he waive the reading; and he shall then be required to plead immediately thereto, either in abatement or in bar; . . ."

As a pleading, a plea in abatement is analogous to a motion to quash, the difference being that the latter is directed to what is apparent on the face of the pleading attacked, and the former to errors behind the pleading and which do not appear on its face. *Moore* v. *State, supra.*

It is clear from the provisions of §9-1201, *supra,* that a defendant may file a plea in abatement after a motion to quash has been filed and overruled if he does so before entering a plea of not guilty (plea in bar). In other words, a plea in abatement may be filed under this section after a motion to quash has been overruled and the indictment or affidavit has been read to the defendant, unless he waives the reading thereof, but it must be filed before a plea of not guilty or other plea in bar is entered.

In the case at bar, appellant filed his plea in abatement immediately following the court's action in overruling his motion to quash and before entering his plea of not guilty. Therefore, the plea in abatement herein was filed in time.

*Second:* Having decided that the plea in abatement was timely filed, we now consider its merits.

Appellant, by specification two of his plea in abatement, raised the question that the charges contained in the affidavit herein are the same as those contained in another affidavit pending in the Vanderburgh Circuit Court at the time the affidavit upon which appellant was convicted was filed.

The record discloses that an affidavit was filed in the Vanderburgh Circuit Court on June 7, 1950, as

Cause No. 4633, in which appellant was charged with breaking into and entering "the place of business, known as Cooks Bar-B-Cue, owned and operated by Wilburn Cook, at Ravenswood and Weinbach Aves." On October 30, 1950, the prosecuting attorney, on behalf of the State of Indiana, filed his written motion to dismiss said Cause No. 4633, which motion was immediately sustained by the court. The record further discloses that the affidavit upon which appellant was herein convicted and sentenced was filed in the Vanderburgh Circuit Court on October 20, 1950, which affidavit charged appellant with breaking and entering "into a certain building, being the place of business of Wilburn Cook." It is clear beyond dispute that the offense for which appellant was convicted and sentenced is the same identical offense as that with which he was charged in the affidavit in said Cause No. 4633, and which was not dismissed until ten days after the affidavit herein was filed. It is immaterial here whether or not the affidavit in Cause No. 4633 was properly dismissed and we are not called upon to determine that question.

Section 9-908, Burns' 1942 Replacement, Acts of 1927, ch. 132, §4, p. 411, provides:

"All public offenses, except treason and murder, may be prosecuted in the circuit or criminal court, by affidavit filed in term time, in all cases except when a prosecution by indictment or affidavit for the same offense is pending at the time of the filing of such affidavit."

The affidavit herein under which appellant was convicted and sentenced was filed while an indictment against him for the same offense was pending in the same circuit court. Prosecution under such an affidavit is forbidden by statute. *State ex rel.*

*Poindexter* v. *Reeves, Judge* (1952), 230 Ind. 645, 104 N. E. 2d 735; *Rogers* v. *State* (1937), 212 Ind. 593, 10 N. E. 2d 730; *Lee* v. *State* (1922), 192 Ind. 13, 134 N. E. 866.

For this reason it was error for the court to sustain the demurrer to appellant's plea in abatement. *Rogers* v. *State* (1937), 212 Ind. 593, 10 N. E. 2d 730, *supra.*

The judgment of the trial court is reversed, with instructions to set aside all pleadings subsequent to the ruling on the demurrer to the plea in abatement to the original affidavit filed on October 20, 1950, and with further instructions to overrule said demurrer, and for further proceedings not inconsistent herewith.

NOTE.—Reported in 105 N. E. 2d 332.