STATE EX REL. TUCKER *v.* RABB, JUDGE OF MARION
COUNTY CRIMINAL COURT, DIV. NO. 2

[No. 29,049. Filed April 29, 1953.]

*Clarence Tucker, pro se.*

DRAPER, J.—The relator, appearing pro se, has filed his petition for alternative writ of prohibition directed to respondent judge. He alleges that unless this court issues a writ of prohibition the respondent judge will continue to enforce the judgment and sentence heretofore imposed upon him, and he prays that this court issue its "alternative Writ of Prohibition, directed to, and against respondent, Saul I. Rabb as Judge of the Criminal Court Division No. 2, Marion County, Indiana; to show cause, if any there be, why he should not

be prohibited from usurping the jurisdiction of Coordinate Courts, and to prohibit said respondent Court from exercising its findings, judgment of conviction, and order of sentence and commitment issued in Cause Cr. 89102, and for such further relief as this Court may deem mete and just in the premises."

The petition shows that on February 19, 1952, an affidavit was filed in the Municipal Court of the City of Indianapolis, Marion County, Indiana, which charged the relator with the crime of vehicle taking, pursuant to the provisions of Burns' 1942 Repl., §10-3011.

On February 25, 1952, an affidavit charging the relator with the same offense was filed in the respondent Criminal Court of Marion County, and on February 26, 1952, the relator was in that court found guilty as charged and was sentenced to the Indiana State Prison for a term of not less than one year nor more than ten years.

The prosecution instituted in the Municipal Court was dismissed on motion of the prosecuting attorney on February 27, 1952, so that it was still pending there when the affidavit was filed in the Criminal Court and when judgment of conviction was entered.

Relator contends that since the Municipal Court had acquired lawful jurisdiction of the person and subject matter on February 19th, that jurisdiction must continue until the cause has been finally disposed of in that court and all other courts are prohibited from interfering with such cause of action.

The Criminal Court of Marion County, Indiana, is a court of original criminal jurisdiction. Burns' 1946 Repl., §4-2304. Since no prosecution by affidavit or indictment charging the same offense was pending in the Criminal Court at the time of the filing of the affidavit in that court on February 25,

1952, the Criminal Court acquired jurisdiction of the cause filed against the relator regardless of the fact that an affidavit charging the same offense was then pending in the Municipal Court. The pendency of a criminal action against a defendant, for the same offense, in another court, where jeopardy has not attached, is not available to defeat a prosecution in a court of competent jurisdiction. *State* v. *Reeves* (1952), 230 Ind. 645, 104 N. E. 2d 735, and cases therein cited.

Under Burns' 1946 Repl., §3-2201, this court is authorized to issue writs of prohibition to certain courts, including criminal courts, to restrain and confine such courts to their lawful jurisdiction. The criminal court had jurisdiction in this case and no writ of prohibition should issue.

In view of the conclusion we have reached, we need not consider whether the writ should also be denied on other grounds.

The issuance of the alternative writ is denied.

NOTE.—Reported in 111 N. E. 2d 802.
(See also 231 Ind. 707.)