STATE OF INDIANA EX REL. ROSS v. LAKE
CRIMINAL COURT ET AL.

[No. 0-706. Filed July 15, 1965.]

*Robert Ross, pro se.*

ACHOR, J.—On August 14, 1959, petitioner was charged by affidavit in the Criminal Court of Lake County with the crime of rape, the same being numbered 32003 on the docket of said court. On the same date he was charged by affidavit in Cause No. 32004 in the same court with the crime of burglary—first degree. The first affidavit charged petitioner with the act of rape upon one Fern Holloway. The action

was filed under Burns' Ind. Stat. Anno. §10-4201 (1956 Repl.). The second affidavit charged that petitioner, "ROBERT ROSS, did then and there unlawfully, feloniously, burglariously break and enter into the dwelling house of FERN HOLLOWAY, a place of human habitation, . . . with intent then and there and thereby to unlawfully, feloniously and forcibly, in a rude and insolent manner, and against her will, ravish and carnally know her, the said FERN HOLLOWAY, . . ." This action was brought under Burns' Ind. Stat. Anno. §10-701 (1956 Repl.).

Petitioner entered a plea of not guilty as to both charges and, on February 9, 1960, was tried on the second affidavit for burglary—first degree, found guilty by a jury and sentenced to prison for a term of 10 to 20 years.

Thereafter, on October 3, 1961, the state dismissed the first affidavit in Cause numbered 32003, which charged petitioner with the offense of rape. On July 26, 1963, petitioner filed a verified petition for writ of error coram nobis in the Criminal Court of Lake County.

In said petition, petitioner asserted that the facts constituting the two charges were the same and, therefore, that "the conviction entered against him in Cause No. 32004 of this Court is illegal and void for the reason that the affidavit in that cause was filed while an affidavit charging the same offense was pending against petitioner in Cause No. 32003 of said court." In support of his contention petitioner relies upon Burns' Ind. Stat. Anno. §9-908 (1942 Repl.), which provides that:

> "All public offenses, except treason and murder, may be prosecuted in the circuit or criminal court, by affidavit filed in term time, in all cases except when a prosecution by indictment or affi-

davit for the same offense is pending at the time of the filing of such affidavit. . . ."

The petition for writ of error coram nobis was denied. Petitioner has been granted numerous extensions of time in which to procure a transcript and assignment of errors in the coram nobis proceeding, which record he has requested of the Criminal Court of Lake County.

Petitioner now comes to this court stating that the respondent court has refused to appoint counsel for the purpose of an appeal or to provide him with a record of the coram nobis proceeding and asks that this court issue a writ of mandate to the respondent requiring him to appoint such counsel and to provide him with the record which he requests.

Under our view of the pleadings, it is apparent that petitioner is not entitled to a writ of mandate because his pleading demonstrates a lack of merit on its face, because the question has not been properly raised and because such proceeding should more appropriately be instituted by the public defender.

First with regard to the merits of petitioner's claim, in all the cases which have come to our attention, the issue of a pending prosecution has been raised only where the accused was charged for a second time with the same statutory offense growing from the same transaction. See: *DeHart* v. *Blande, Warden* (1954), 233 Ind. 659, 122 N. E. 2d 90 (armed robbery); *State ex rel. Poindexter* v. *Reeves* (1952), 230 Ind. 645, 104 N. E. 2d 735 (driving under the influence); *Stevens* v. *State* (1952), 230 Ind. 518, 105 N. E. 2d 332 (second degree burglary); *Rogers* v. *State* (1937), 212 Ind. 593, 10 N. E. 2d 730 (involuntary manslaughter).

Furthermore, §9-908, *supra,* refers only to the *same offense.* The crime of burglary (breaking and

entering with intent to commit a felony) is not the same as the offense of rape. Nor do the crimes involve the same illegal conduct. Burglary with felonious intent is in the nature of a trespass against the domicile which could have been committed without committing the crime of rape which is an assault and battery against the person. Clearly petitioner's allegations demonstrate that he does not come within the statute.

With regard to the proper manner in which to raise the issue of another pending affidavit, it is clear that a plea in abatement at the time of trial is the proper method. See: *Stevens* v. *State, supra; Rogers* v. *State, supra; State* v. *Drake* (1890), 125 Ind. 367, 25 N. E. 434. There is no showing that the petitioner and his attorney were not aware of the other pending charge at the time. There must be a showing of lack of knowledge and some impediment which prevents the raising of the error at the time.

Finally, proceedings of the type here instituted are more properly brought by the public defender who, as an experienced attorney, is able to specify just such portions of the record as needed to present any meritorious question and thus eliminate the delay caused by the preparation of superfluous portions of the record as well as reduce the public cost of such litigation. Indiana has provided that it is the duty of the public defender to prosecute such of these actions as are meritorious and this court has by rule provided proceedings whereby such representation may be secured through judicial review of the public defender's exercise of discretion. See: Burns' Ind. Stat. Anno. §13-1402 (1956 Repl.) Indiana Supreme Court Rule 2-40A.

However, the obvious lack of merit exhibited on the

face of petitioner's pleadings is sufficient to compel denial of his petition for mandate.

Petition denied.

Jackson, C. J. concurs in the result.

Arterburn, Landis & Myers, JJ. concur.

NOTE.—Reported in 209 N. E. 2d 30.